No.  23-1798

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
————————————————

UNITED STATES OF AMERICA
*Appellee*

v.

OSMERLIN CARRION-CORDONES,
*Defendant-Appellant.*
————————————————————

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 22-cr-394-FAB-6
————————————————————

APPENDIX TO BRIEF
————————————————————

Ramon M. Gonzalez
USCA-FC 52462
P.O. Box 195493
San Juan, PR 00919-5493
(787) 593-8281/722-6930
E-mail: rmgonzalezesq@gmail.com

*Attorney for Defendant-Appellant*
*Osmerlin Carrion-Cordones*

# INDEX TO APPENDIX TO THE BRIEF

| | Page |
|---|---|
| Docket Sheet in case no.22-cr-394 (FAB) . . . . | 1-13 |
| Indictment . . . . . . . . . . | 14-19 |
| Transcripts of Change of Plea Hearing . . . . . | 20-46 |
| Defendant's Sentencing Memorandum. . . . . | 47-59 |
| Government's Sentencing Memorandum . . . . | 60-70 |
| Transcripts of Sentencing Hearing . . . . . | 71-82 |

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:22–cr–00394–FAB–6

Case title: USA v. Leonardo–Candelaria et al

Magistrate judge case number: 3:22–mj–01027–MDM

Date Filed: 09/01/2022

Date Terminated: 09/13/2023

---

Assigned to: Senior Judge
Francisco A. Besosa

Appeals court case number:
23–1798

### Defendant (6)

**Osmerlin Carrion–Cordones**
*TERMINATED: 09/13/2023*
*also known as*
Osmerge Cordones
*TERMINATED: 09/13/2023*

represented by **Ramon M Gonzalez–Santiago**
Ramon M. Gonzalez Law Office
PO Box 195493
San Juan, PR 00919–5493
787–722–6930
Fax: 787–708–4472
Email: rmgonzalezesq@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

46:70503(a)(1), & 70506(b), AND
21:960(b)(1)(B) CONSPIRACY
TO POSSESS WITH INTENT TO
DISTRIBUTE COCAINE
ABOARD A VESSEL SUBJECT
TO THE JURISDICTION OF THE
UNITED STATES
(1)

46:70503(a)(1), 21:960(b)(1)(B)
AND 18:2 A/A POSSESSION
WITH INTENT TO DISTRIBUTE
COCAINE ABOARD A VESSEL
SUBJECT TO THE
JURISDICTION OF THE
UNITED STATES
(2)

21:952(a), 960 AND 963:
CONSPIRACY TO IMPORT
COCAINE
(3)

### Disposition

IMPR: Eighty–seven (87) months as to each count
to be served concurrently with each other; SRT:
Five (5) years as to Counts One through Four and
three (3) years as to Counts Five and Six, to be
served concurrently with each other; SMA: $100.00
per count for a total of $600.00; No fine;
FORFEITURE as indicated in the Indictment.
REDUCTION BASED ON AMENDMENT 821:
IMPR for 70 months for each count of conviction,
to be served concurrently with each other. Except
as otherwise provided, all provisions of the
judgment dated 09/14/2023 shall remain in effect.

IMPR: Eighty–seven (87) months as to each count
to be served concurrently with each other; SRT:
Five (5) years as to Counts One through Four and
three (3) years as to Counts Five and Six, to be
served concurrently with each other; SMA: $100.00
per count for a total of $600.00; No fine;
FORFEITURE as indicated in the Indictment.
REDUCTION BASED ON AMENDMENT 821:
IMPR for 70 months for each count of conviction,
to be served concurrently with each other. Except
as otherwise provided, all provisions of the
judgment dated 09/14/2023 shall remain in effect.

IMPR: Eighty–seven (87) months as to each count
to be served concurrently with each other; SRT:
Five (5) years as to Counts One through Four and
three (3) years as to Counts Five and Six, to be

served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment. REDUCTION BASED ON AMENDMENT 821: IMPR for 70 months for each count of conviction, to be served concurrently with each other. Except as otherwise provided, all provisions of the judgment dated 09/14/2023 shall remain in effect.

| | |
|---|---|
| 21:952(a), 960 AND 18:2: A/A ATTEMPTED IMPORTATION OF COCAINE (4) | IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment. REDUCTION BASED ON AMENDMENT 821: IMPR for 70 months for each count of conviction, to be served concurrently with each other. Except as otherwise provided, all provisions of the judgment dated 09/14/2023 shall remain in effect. |
| 46:70503(a)(2) AND 18:2 A/A JETTISONING PROPERTY SUBJECT TO FORFEITURE UNDER 21 U.S.C. 881(a) WHILE ON BOARD A VESSEL SUBJECT TO THE JURISDICTION OF THE UNITED STATES (5) | IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment. REDUCTION BASED ON AMENDMENT 821: IMPR for 70 months for each count of conviction, to be served concurrently with each other. Except as otherwise provided, all provisions of the judgment dated 09/14/2023 shall remain in effect. |
| 18:2237(a)(1) AND 18:2 A/A FAILURE TO HEAVE (6) | IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment. REDUCTION BASED ON AMENDMENT 821: IMPR for 70 months for each count of conviction, to be served concurrently with each other. Except as otherwise provided, all provisions of the judgment dated 09/14/2023 shall remain in effect. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 46:70503(a)(1) Possession with intent to distribute five (5) kilograms or more of a controlled | |

substance (cocaine)

**Interested Party**

**US Probation Office**

**Plaintiff**

**USA**                                    represented by   **Antonio L. Perez–Alonso**
United States Attorney's Office
District of Puerto Rico
Torres Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
787–282–1903
Email: antonio.perez2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Jorge L. Matos**
United States Attorneys Office
District of Puerto Rico
350 Carlos Chardon Ave.
Suite 1201
San Juan, PR 00918
787–766–5656 787–340–1590
Fax: 787–766–6219
Email: jorge.l.matos2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2024 | 370 | ORDER Re: 364 Motion to Reduce Sentence – USSG Amendment 821 as to Osmerlin Carrion–Cordones (6). GRANTED. The request for an indicative ruling is approved. Stipulation is also approved. Defendant's sentence is reduced to 70 months for each count of conviction, to be served concurrently with each other, effective on June 27, 2024. Signed by Senior Judge Francisco A. Besosa on 6/17/2024. (Attachments: # 1 Page 2 of Form AO247) (mig) (Main Document 370 replaced on 6/17/2024 as per cdc's request to modify term ) (ab). (Entered: 06/17/2024) |
| 06/17/2024 | 369 | ORDER Re: 368 Motion in Compliance as to Osmerlin Carrion–Cordones (6). NOTED. Signed by Senior Judge Francisco A. Besosa on 6/17/2024. (mig) (Entered: 06/17/2024) |
| 06/04/2024 | 368 | ***SELECTED PARTIES*** MOTION in Compliance with Court Order in Docket #365 by USA, US Probation Office, Osmerlin Carrion–Cordones (6) as to Osmerlin Carrion–Cordones (6). Responses due by 6/18/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Melendez–Yamamoto, Gaby) (Entered: 06/04/2024) |
| 06/04/2024 | 367 | SUBSEQUENT STIPULATION RE: 364 MOTION to Reduce Sentence – USSG Amendment 821 MOTION to Appoint Counsel by Osmerlin Carrion–Cordones (6). (Marrero–Torres, Vivianne) (Entered: 06/04/2024) |
| 06/02/2024 | 366 | NOTICE OF ATTORNEY APPEARANCE: Jorge L. Matos appearing for USA. (Matos, Jorge) (Entered: 06/02/2024) |
| 05/22/2024 | 365 | ORDER re 364 Motion to Reduce Sentence – USSG Amendment 821 as to Osmerlin Carrion–Cordones (6). **The public defender, the government and the probation officer will respond to this motion no later than June 4, 2024.** Signed by Senior Judge Francisco A. Besosa on 05/22/2024. (brc) (Entered: 05/22/2024) |

| | | |
|---|---|---|
| 05/21/2024 | <u>364</u> | MOTION to Reduce Sentence – USSG Amendment 821, MOTION to Appoint Counsel by Osmerlin Carrion–Cordones (6), pro se. Responses due by 6/4/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # <u>1</u> Envelope)(rim) (Entered: 05/22/2024) |
| 02/12/2024 | 334 | ORDER re <u>333</u> Motion Requesting Order as to Osmerlin Carrion–Cordones (6): GRANTED. The Clerk will grant counsel Ramon Gonzalez access to the Statements of Reason.  Signed by Senior Judge Francisco A. Besosa on 02/12/2024. (brc) (Entered: 02/12/2024) |
| 02/10/2024 | <u>333</u> | MOTION Requesting Order *(Access to Statements of Reasons)* re <u>226</u> Reason for Amendment – Sheet 8 of Amended Judgment (Not for Public Disclosure), <u>228</u> Statement of Reasons (Not for Public Disclosure) by Osmerlin Carrion–Cordones (6). Responses due by 2/26/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 02/10/2024) |
| 01/16/2024 | <u>316</u> | ***SELECTED PARTIES***Transcript of Change of Plea Hearing as to Osmerlin Carrion–Cordones (6) held on 6/1/2023, before Judge Francisco A. Besosa. Court Reporter/Transcriber Joe Reynosa. COA Number: 23–1798. <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at www.prd.uscourts.gov.</span> Redaction Request due 2/6/2024. Redacted Transcript Deadline set for 2/16/2024. (be) (Entered: 01/16/2024) |
| 12/29/2023 | <u>298</u> | ***SELECTED PARTIES***Transcript of Sentencing Hearing as to Osmerlin Carrion–Cordones (6) held on 9/13/2023, before Judge Francisco A. Besosa. Court Reporter/Transcriber Lisa O'Brien, Telephone number 708–284–0021. COA Number: 23–1798. <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at www.prd.uscourts.gov.</span> Redaction Request due 1/19/2024. Redacted Transcript Deadline set for 1/29/2024. (lo) (Entered: 12/29/2023) |
| 09/27/2023 | 233 | USCA Case Number 23–1798 for <u>222</u> Notice of Appeal – Final Judgment, <u>227</u> Notice of Appeal – Final Judgment, filed by Osmerlin Carrion–Cordones (6). (mcm) (Entered: 09/27/2023) |
| 09/25/2023 | <u>231</u> | Certified and Transmitted Record on Appeal as to Osmerlin Carrion–Cordones (6) to US Court of Appeals re <u>227</u> Notice of Appeal – Final Judgment, <u>222</u> Notice of Appeal – Final Judgment[Docket Entries 217, 222, 224, 225 & 227] (mcm) (Entered: 09/25/2023) |
| 09/14/2023 | <u>227</u> | NOTICE OF APPEAL by Osmerlin Carrion–Cordones (6) as to <u>217</u> Judgment,, <u>224</u> Amended Judgment, <u>225</u> Amended Judgment, <u>222</u> Notice of Appeal – Final Judgment,,<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Gonzalez–Santiago, Ramon) (Entered: 09/14/2023) |
| 09/14/2023 | 226 | ***NOT FOR PUBLIC DISCLOSURE***Reason for Amendment – Sheet 8 of Amended Judgment as to Osmerlin Carrion–Cordones (6)  Signed by Senior Judge Francisco A. Besosa on 9/14/2023.(mig) (Entered: 09/14/2023) |
| 09/14/2023 | <u>225</u> | SECOND AMENDED JUDGMENT as to Osmerlin Carrion–Cordones (6)IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment.  Signed by Senior Judge Francisco A. Besosa on 9/14/2023.(mig) (Entered: 09/14/2023) |
| 09/14/2023 | <u>224</u> | AMENDED JUDGMENT as to Osmerlin Carrion–Cordones (6): IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment.  Signed by Senior |

| | | |
|---|---|---|
| | | Judge Francisco A. Besosa on 9/14/2023. (mig) (Entered: 09/14/2023) |
| 09/14/2023 | 222 | NOTICE OF APPEAL by Osmerlin Carrion–Cordones (6) as to 217 Judgment,,<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Gonzalez–Santiago, Ramon) (Entered: 09/14/2023) |
| 09/13/2023 | 228 | ***NOT FOR PUBLIC DISCLOSURE***Statement of Reasons as to Osmerlin Carrion–Cordones (6). Signed by Senior Judge Francisco A. Besosa on 9/13/2023. (mig) (Entered: 09/15/2023) |
| 09/13/2023 | 217 | JUDGMENT as to Osmerlin Carrion–Cordones (6): As to Counts One (1) through Six: (6): IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE pursuant to Plea Agreement. Signed by Senior Judge Francisco A. Besosa on 9/13/2023. (mig) (Entered: 09/13/2023) |
| 09/13/2023 | 216 | Minute Entry for proceedings held before Senior Judge Francisco A. Besosa: A Sentencing Hearing was held on 9/13/2023 for Osmerlin Carrion–Cordones (6). Present: AUSA Antonio Perez, defense counsel Ramon Gonzalez, and USPO Luis Santana. The defendant was present, under custody and assisted by a certified court interpreter. Counsel Gonzalez proceeded to provide mitigating factors to be considered by the Court and requested a sentence of 51 months of imprisonment be imposed, arguing a minor role reduction. AUSA Perez objected the mitigating role adjustment and requested a sentence of 87 months of imprisonment be imposed. Defendant's allocution was heard. The Court after having heard the parties, dismissed the minor role reduction argument and imposed sentence as follows: As to Counts One (1) through Six (6): IMPR: Eighty–seven (87) months as to each count to be served concurrently with each other; SRT: Five (5) years as to Counts One through Four and three (3) years as to Counts Five and Six, to be served concurrently with each other; SMA: $100.00 per count for a total of $600.00; No fine; FORFEITURE as indicated in the Indictment. All terms and conditions are specified in the judgment. The defendant was advised as to his right to appeal, etc. The defense objected the sentence imposed. The Court noted the defense's objection. (Court Reporter Lisa O'Brien.) Hearing set for 09:00. Hearing held at 09:52. Hearing ended at 10:08. Interpreter Edna Brayfield. (mig) Modified on 9/14/2023 to correct forfeiture as per per cdc's request (ab). (Entered: 09/13/2023) |
| 09/12/2023 | 215 | ORDER re 214 Motion to Restrict as to Osmerlin Carrion–Cordones (6): GRANTED. Signed by Senior Judge Francisco A. Besosa on 09/12/2023. (brc) (Entered: 09/12/2023) |
| 09/12/2023 | 214 | MOTION to Restrict Document by USA as to Osmerlin Carrion–Cordones (6). Responses due by 9/26/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez–Alonso, Antonio) (Entered: 09/12/2023) |
| 09/12/2023 | 213 | ***SELECTED PARTIES***SENTENCING MEMORANDUM by USA, US Probation Office, Osmerlin Carrion–Cordones (6) as to Osmerlin Carrion–Cordones (6) (Perez–Alonso, Antonio) (Entered: 09/12/2023) |
| 08/29/2023 | 196 | ORDER Re: 194 MOTION to Continue as to Osmerlin Carrion–Cordones (6). GRANTED. **The Sentencing Hearing IS RESCHEDULED for 9/13/2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor before Senior Judge Francisco A. Besosa.** Signed by Senior Judge Francisco A. Besosa on 8/29/2023. (mig) (Entered: 08/29/2023) |
| 08/29/2023 | 195 | ORDER Re: 193 MOTION to Restrict as to Osmerlin Carrion–Cordones (6). GRANTED. Signed by Senior Judge Francisco A. Besosa on 8/29/2023. (mig) (Entered: 08/29/2023) |

| 08/29/2023 | 194 | ***SELECTED PARTIES*** MOTION to Continue by Osmerlin Carrion–Cordones (6), USA, US Probation Office as to Osmerlin Carrion–Cordones (6). Responses due by 9/12/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 08/29/2023) |
|---|---|---|
| 08/29/2023 | 193 | MOTION to Restrict Document by Osmerlin Carrion–Cordones (6). Responses due by 9/12/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 08/29/2023) |
| 08/28/2023 | 192 | ORDER Re: 187 MOTION to Restrict as to Osmerlin Carrion–Cordones (6). GRANTED. Signed by Senior Judge Francisco A. Besosa on 8/28/2023. (mig) (Entered: 08/28/2023) |
| 08/28/2023 | 188 | ***SELECTED PARTIES***SENTENCING MEMORANDUM by USA, US Probation Office, Osmerlin Carrion–Cordones (6) as to Osmerlin Carrion–Cordones (6) (Gonzalez–Santiago, Ramon) (Entered: 08/28/2023) |
| 08/28/2023 | 187 | MOTION to Restrict Document by Osmerlin Carrion–Cordones (6). Responses due by 9/11/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 08/28/2023) |
| 08/24/2023 | 182 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Osmerlin Carrion–Cordones (6). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Osmerlin Carrion–Cordones (Santana, Luis) (Entered: 08/24/2023) |
| 08/22/2023 | 179 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR as to Osmerlin Carrion–Cordones (6). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Osmerlin Carrion–Cordones (Santana, Luis) (Entered: 08/22/2023) |
| 07/26/2023 | 163 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Osmerlin Carrion–Cordones (6). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Osmerlin Carrion–Cordones. (Santana, Luis) (Entered: 07/26/2023) |
| 06/01/2023 | 139 | Minute Entry for proceedings held before Senior Judge Francisco A. Besosa. Change of plea hearing as to Jason Chavez (4) and Osmerlin Carrion–Cordones (6) held on June 1, 2023. The United States was represented by AUSA Ramon L. Perez–Alonso. The defendants were represented by court appointed counsel Antonio L. Bisbal–Bultron and Ramon M. Gonzalez–Santiago. Both defendants were present in court, under custody and both defendants were assisted by certified court interpreter Carlos Ravelo. No objection by counsel and defendants that joint change of plea hearing be held. The defendants were found competent to plea. Straight plea entered by Jason Chavez (4) and Osmerlin Carrion–Cordones (6) as to counts 1 through 6 of the Indictment. The defendants were advised of the maximum penalties they are facing, constitutional rights, consequences of waiving their constitutional rights, immigration status and the applicable statutory guidelines. Plea of Guilty entered by defendants Jason Chavez (4) and Osmerlin Carrion–Cordones (6) as to counts 1 through 6 of the Indictment. A Pre–Sentence Report shall be prepared by the U.S. Probation Office as to each defendant and shall be filed at least 35 days before sentencing date. **Sentencing Hearing for both set for 8/30/2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** (Court Reporter Joe Reynosa.)Hearing set for 09:00. Hearing held at 09:49. Hearing ended at 10:22. Interpreter Carlos Ravelo. (om) (Entered: 06/01/2023) |
| 05/23/2023 | 124 | ORDER in re 118 Motion for Change of Plea as to Osmerlin Carrion–Cordones (6); 119 Motion for Change of Plea as to Marcos Alexander–Almeida (3); 117 Motion for Change of Plea as to Jason Chavez (4). GRANTED. **Change of Plea Hearing for these defendants set for June 1, 2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** |

| | | Signed by Senior Judge Francisco A. Besosa on 5/23/2023. (om) (Entered: 05/23/2023) |
|---|---|---|
| 05/22/2023 | 118 | MOTION for Change of Plea *Hearing* by Osmerlin Carrion–Cordones (6). Responses due by 6/5/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 05/22/2023) |
| 05/01/2023 | 111 | ORDER in re 110 Joint Motion for Extension of Time as to Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7). GRANTED. **Change of plea motions or motions informing if these defendants will proceed to jury trial shall be filed no later than May 22, 2023. Change of Plea Hearing or Pretrial Conference reset for May 30, 2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 5/1/2023. (om) (Entered: 05/01/2023) |
| 04/13/2023 | 106 | ORDER as to Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8): **Defendants' Meeting set for April 21, 2023 at 9:00 AM will be held in Courtroom 5, Hato Rey Courthouse.** Signed by Senior Judge Francisco A. Besosa on 4/13/2023.(om) (Entered: 04/13/2023) |
| 03/23/2023 | 101 | Minute Entry for proceedings held before Senior Judge Francisco A. Besosa: Status Conference as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8) held on March 23, 2023. Present in court: The United States was represented by AUSA Camile Garcia who was substituting AUSA Antonio L. Perez–Alonso. The defendants were represented by AFPD Joseph Niskar, Miguel A. Rodriguez–Robles, Antonio L. Bisbal, Mariangela Tirado, Ramon Gonzalez, Luis A. Guzman, and Leonardo M. Aldridge. Counsel Antonio L. Bisbal was allowed to substitute counsel Edgar Sanchez. Change of plea hearing for co–defendant German Ariel Leonardo–Candelaria (1) as requested at ECF No. 93 and as agreed at this conference, set for April 14, 2023 at 1:30 p.m. The United States has provided the lab reports to the defendants. Inspection of the evidence held. Final Plea offers tendered to all defendants. The United States is waiting for the defendants to inform if plea offers will be accepted or rejected. Each counsel for the defendants informed the status of their clients. Counsel Rodriguez–Robles who represents co–defendant Alexander Almeida (3) requested time to discuss with his client the lab reports results and that a further defendants meeting be set. Counsel Bisbal requested that jury trial for his client, Chavez (4) be set. Exculpatory statements requested as to his client. Regarding co–defendant Rodriguez–Leonardo (2) who is represented by counsel Sanchez–Mercado, counsel Bisbal informed that counsel Sanchez–Mercado will be filing the motion for change of plea hearing. Counsel Tirado for co–defendant Reina (5) requested more time to review reports recently provided, to investigate several issues in this case, and that a second defendants meeting be set. Once all completed, she will be in position to inform on how her client will proceed in this case. Counsel Gonzalez for co–defendant Carrion (6) informed that his client has informed him he is innocent, and he was to proceed to jury trial. Counsel Guzman for co–defendant Perez (7) requested that a second defendants meeting be set. Counsel Aldridge for co–defendant Torres (8) requested that a further defendants meeting be held. The Court after hearing the parties, set the following. **Request for Defendants meeting was granted. Defendants Meeting set for April 21, 2023 at 9:00 a.m. to be held at the Hato Rey Courthouse, Courtroom to be determined. Change of plea motions or motions informing if the defendants will proceed to jury trial shall be filed no later than May 1, 2023. Change of plea hearing/Pretrial Conference set for May 12, 2023 at 1:30 p.m.** (Court Reporter Tracy Binder.) Hearing set for 09:00. Hearing held at 09:43. Hearing ended at 10:03. (om) (Entered: 03/31/2023) |
| 03/23/2023 | 100 | ORDER re 97 Motion for Extension of Time as to Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6) and Ruddy Ariel Perez (7): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/23/2023. (brc) (Entered: 03/23/2023) |
| 03/23/2023 | 98 | ORDER re 88 Motion to Compel as to Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), and Ruddy Ariel |

| | | |
|---|---|---|
| | | Perez (7): MOOT. See the government's response filed at Docket No. 96. Signed by Senior Judge Francisco A. Besosa on 03/23/2023. (brc) (Entered: 03/23/2023) |
| 03/23/2023 | 97 | MOTION for Extension of Time until March 23, 2023 by USA as to Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4). Responses due by 4/10/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Perez–Alonso, Antonio) (Entered: 03/23/2023) |
| 03/23/2023 | 96 | RESPONSE to Motion filed by USA as to Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4) re 88 Joint MOTION to Compel filed by Angelo Reina Vazquez, Marcos Alexander–Almeida, Ruddy Ariel Perez, Osmerlin Carrion–Cordones, Jason Chavez (Attachments: # 1 Exhibit Ion Scan Log)(Perez–Alonso, Antonio) (Entered: 03/23/2023) |
| 03/22/2023 | 92 | ORDER as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8) re 91 Order on Motion for Extension of Time. **As per ECF No. 86, Pretrial Conference remains set for March 23, 2023 at 9:00 a.m. and will be held at the OSC, Courtroom 5, 5th Floor.** Signed by Senior Judge Francisco A. Besosa on 3/22/2023.(om) (Entered: 03/22/2023) |
| 03/16/2023 | 91 | ORDER in re 90 Motion for Extension of Time as to German Ariel Leonardo–Candelaria (1), Jesus Alberto Rodriguez–Leonardo (2), Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jobi Torres (8). GRANTED. **Change of plea motions of motions informing if the defendants will proceed to jury trial shall be filed no later than April 17, 2023. Change of Plea Hearing for all defendants set for April 21, 2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 3/16/2023. (om) (Entered: 03/16/2023) |
| 03/15/2023 | 90 | Joint MOTION for Extension of Time until April 17, 2023 to for final plea negotiations by Angelo Reina Vazquez (5) as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8). Responses due by 3/29/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tirado–Vales, Mariangela) (Entered: 03/15/2023) |
| 03/08/2023 | 89 | ORDER re 88 Motion to Compel as to Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), and Ruddy Ariel Perez (7). **The government will respond to this motion no later than March 22, 2023.** Signed by Senior Judge Francisco A. Besosa on 03/08/2023. (brc) (Entered: 03/08/2023) |
| 03/08/2023 | 88 | Joint MOTION to Compel by Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4). Responses due by 3/22/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tirado–Vales, Mariangela) (Entered: 03/08/2023) |
| 02/10/2023 | 86 | ORDER in re 85 Joint Motion for Extension of Time as to German Ariel Leonardo–Candelaria (1), Jesus Alberto Rodriguez–Leonardo (2), Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jobi Torres (8). GRANTED. **Change of plea motions or motions informing that defendants will proceed to jury trial shall be filed no later than March 17, 2023. Change of Plea Hearing or Pretrial Conference reset for March 23, 2023 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 2/10/2023.(om) (Entered: 02/10/2023) |
| 02/08/2023 | 85 | Joint MOTION for Extension of Time by German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), |

| | | |
|---|---|---|
| | | Jason Chavez (4), Jobi Torres (8). Responses due by 2/22/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bisbal−Bultron, Antonio) (Entered: 02/08/2023) |
| 01/25/2023 | 79 | ORDER as to German Ariel Leonardo−Candelaria (1), Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez−Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander−Almeida (3), Jason Chavez (4), Jobi Torres (8). Change of plea/Pretrial Conference set for January 26, 2023 is vacated. **Defendants Meeting set for January 26, 2023 at 9:00 AM in Courtroom 5, HATO REY COURTHOUSE. The U.S. Marshal shall produce all these defendants tomorrow, January 26, 2023 at 9:00 a.m., Hato Rey Courthouse, Courtroom No. 5. Change of plea motions or motions informing that defendants will proceed to jury trial shall be filed no later than February 9, 20233. Change of Plea Hearing or Pretrial Conference set for February 16, 2023 at 9:00 AM in OSJ Courtroom 6 − 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 1/25/2023.(om) (Entered: 01/25/2023) |
| 01/25/2023 | 78 | ORDER in re 64 Motion requesting in−court co−defendant meeting and extension of time to file change of plea motions as to German Ariel Leonardo−Candelaria (1), Jesus Alberto Rodriguez−Leonardo (2), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Jobi Torres (8). GRANTED. Change of plea hearing for all defendants set for January 26, 2023 is vacated. Defendants' meeting will be held on January 26, 2023 at 9:00 a.m. to be held at the Hato Rey Courthouse. Order of re−setting and order to USM for the defendants' meeting to be entered. Signed by Senior Judge Francisco A. Besosa on 1/25/2023. (om) (Entered: 01/25/2023) |
| 01/23/2023 | 70 | ORDER re 67 Motion for Joinder as to Osmerlin Carrion−Cordones (6). Joinder is GRANTED. Signed by Senior Judge Francisco A. Besosa on 01/23/2023. (brc) (Entered: 01/23/2023) |
| 01/23/2023 | 67 | MOTION for Joinder by Osmerlin Carrion−Cordones (6). Responses due by 2/6/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez−Santiago, Ramon) (Entered: 01/23/2023) |
| 01/22/2023 | 64 | Joint MOTION *requesting* in−court codefendant meeting and extension of time to file COP Motions by Angelo Reina Vazquez (5), Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Jobi Torres (8), Jason Chavez (4), German Ariel Leonardo−Candelaria (1), Jesus Alberto Rodriguez−Leonardo (2), . Responses due by 2/6/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tirado−Vales, Mariangela) Modified on 1/24/2023 as per joinder dkts. 69−71, 74−77(ab). (Entered: 01/22/2023) |
| 12/22/2022 | 63 | ORDER as to German Ariel Leonardo−Candelaria (1), Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez−Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander−Almeida (3), Jason Chavez (4), Jobi Torres (8) re 60 Motion for Extension of Time; 61 MOTION for Joinder *in ECF Doc. #60 Requesting Extension of Deadlines for COP: 62 MOTION for Joinder to DE 60 filed by Jesus Alberto Rodriguez−Leonardo. GRANTED. No more extensions will be allowed.* ***Change of plea motions or motions informing if defendants will proceed to jury trial shall be filed no later than January 23, 2023. If change of plea motions filed, change of plea hearings set for January 26, 2023 at 9:00 a.m. in Old San Juan Courthouse, Courtroom 6, first floor. If not filed, Pretrial Conference set for January 26, 2023 at 9:00 a.m. in OSJ Courtroom 6 − 1st Floor.*** *Signed by Senior Judge Francisco A. Besosa on 12/22/2022.(om) (Entered: 12/22/2022)* |
| 12/22/2022 | 60 | Joint MOTION for Extension of Time by Jason Chavez (4) as to Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Angelo Reina Vazquez (5), Jason Chavez (4). Responses due by 1/9/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bisbal−Bultron, Antonio) Modified on 12/27/2022 to add filers (ecc). (Entered: 12/22/2022) |
| 11/01/2022 | 59 | Minute Entry for proceedings held before Senior Judge Francisco A. Besosa: Status Conference as to German Ariel Leonardo−Candelaria (1), Osmerlin Carrion−Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez−Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander−Almeida (3), Jason Chavez (4), Jobi Torres (8) held on 11/1/2022. Present in court: AUSA Antonio L. Perez−Alonso, Edgar |

| | | |
|---|---|---|
| | | Sanchez–Mercado, Antonio L. Bisbal, Mariangela Tirado, Luis A. Guzman and Leonardo M. Aldridge. Counsel Antonio L. Bisbal was allowed to substitute counsel Miguel A. Rodriguez and Ramon M. Gonzalez. Parties informed the status of the case. The United States informed that there is no Davila–Reyes issue in this case because the defendants were interdicted approximately 18 nautical miles of Puerto Rico. Discovery made available to the defendants last week. Pending the lab reports. Narcotics sent to DEA in Miami. Field test yielded positive for cocaine. Once the lab reports are available, will be provided to the defendants. Plea offers tendered yesterday to each defendant. Plea offers will remain open for 60 days. Pending also the inspection of the evidence. Counsel for the defendants made a request of 60 days be granted for all of them able to review the discovery and to discuss its contents with their respective clients. Counsel for the defendants were not in position to inform as to whether or not their clients will be pleading guilty or proceed to jury trial. Counsel Aldridge for co–defendant Torres (8) informed if his client decides to plead guilty, will be entering a straight plea. The Court after hearing the parties, set the following. **Defendants' request for 60 days to review the discovery and to discuss its contents with their clients was granted. Request made by counsel Bisbal that all evidence seized, including the narcotics not be destroyed until the inspection of the evidence is concluded, was denied. Inspection of the evidence shall be coordinated and shall be held soon. Labs reports shall be made available to the defendants way before December 28, 2022. Jury trial previously set for November 21, 2022 was vacated. Change of plea motions or motions informing if defendants will proceed to jury trial shall be filed no later than December 28, 2022. If change of plea motions filed, change of plea hearings set for January 3, 2023 at 9:30 a.m. in Old San Juan Courthouse, Courtroom 6, first floor. If not filed, Pretrial Conference set for January 3, 2023 at 9:30 a.m. Counsel Guzman informed that he maybe be out of jurisdiction on the week the next conference has been set. Counsel was instructed to file a motion.** (Court Reporter DCR–Courtroom 6–OSJ.)Hearing set for 09:00.Hearing held at 09:30.Hearing ended at 09:43. (om) (Entered: 11/07/2022) |
| 10/24/2022 | 52 | ORDER 51 Motion to Continue as to Osmerlin Carrion–Cordones (6). GRANTED. **Status Conference as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8) reset for November 1, 20220 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 10/24/2022. (om) (Entered: 10/24/2022) |
| 10/23/2022 | 51 | Joint MOTION to Continue *Status Conference set for October 28, 2022* by Osmerlin Carrion–Cordones (6). Responses due by 11/7/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Gonzalez–Santiago, Ramon) (Entered: 10/23/2022) |
| 10/21/2022 | 50 | ORDER as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (3), Jason Chavez (4), Jobi Torres (8). **Status Conference reset for 10/28/2022 at 9:00 AM in OSJ Courtroom 6 – 1st Floor.** Signed by Senior Judge Francisco A. Besosa on 10/21/2022.(om) (Entered: 10/21/2022) |
| 09/14/2022 | 41 | SCHEDULING ORDER as to German Ariel Leonardo–Candelaria (1), Osmerlin Carrion–Cordones (2), Ruddy Ariel Perez (3), Jesus Alberto Rodriguez–Leonardo (4), Angelo Reina Vazquez (5), Marcos Alexander–Almeida (6), Jason Chavez (7), Jobi Torres (8): **Status Conference set for 10/24/2022 09:00 AM in OSJ Courtroom 6 – 1st Floor before Senior Judge Francisco A. Besosa. Discovery due by 10/5/2022. Pretrial Motions due by 10/26/2022. Change of Plea Motion OR Proposed Voir Dire and Preliminary Instructions due by 11/14/2022. Jury Trial set for 11/21/2022 09:00 AM in OSJ Courtroom 6 – 1st Floor before Senior Judge Francisco A. Besosa.** Signed by Senior Judge Francisco A. Besosa on 9/14/2022.(su) (Entered: 09/14/2022) |
| 09/13/2022 | 42 | *RESTRICTED* Arrest Warrant Returned Executed on 8/24/2022 in case as to Osmerlin Carrion–Cordones. (ab) (Entered: 09/21/2022) |

| 09/08/2022 | 31 | ORDER re 30 Motion Requesting Order as to German Ariel Leonardo–Candelaria (1), Jesus Alberto Rodriguez–Leonardo (2), Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), and Jobi Torres (8): GRANTED in part. The government may destroy narcotics evidence in accordance with its protocol, after the narcotics are examined by lab personnel, and the gross and net weight of the narcotics are determined. Signed by Senior Judge Francisco A. Besosa on 09/08/2022. (brc) (Entered: 09/08/2022) |
|---|---|---|
| 09/07/2022 | 38 | ORDER OF DETENTION PENDING TRIAL as to Osmerlin Carrion–Cordones (6). Signed by US Magistrate Judge Marshal D. Morgan on 9/7/2022. (cml) (Entered: 09/09/2022) |
| 09/07/2022 | 30 | MOTION Requesting Order *to the Government not to Destroy and Preserve Evidence* by Jason Chavez as to German Ariel Leonardo–Candelaria, Osmerlin Carrion–Cordones, Ruddy Ariel Perez, Jesus Alberto Rodriguez–Leonardo, Angelo Reina Vazquez, Marcos Alexander–Almeida, Jason Chavez, Jobi Torres. Responses due by 9/21/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Bisbal–Bultron, Antonio) (Entered: 09/07/2022) |
| 09/07/2022 | 29 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Arraignment/Bail Hearing as to Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jesus Alberto Rodriguez–Leonardo (2), and Jason Chavez (4) re: Counts 1–6 was held on 9/7/2022. Present: AUSA Antonio Perez, counsel Gabriela Cintron (substituting Edgar Sanchez) representing defendant No. 2, counsel Antonio Bisbal representing defendant No. 4, counsel Ramon Gonzalez representing defendant No. 6, counsel Luis Guzman representing defendant No. 7, and USPO August Castro. All defendants were present, under custody at MDC and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendants knowingly and voluntarily waived their right to attend this hearing in person and consented to proceed by way of VTC. The defendants were found competent to understand the proceedings, none of them had a physical copy of the Indictment but all of them had discussed it with their respective attorneys. All defendants waived the reading of the Indictment and entered a plea of not guilty as to all counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. The case is referred to U.S. Senior District Judge Francisco A. Besosa for further proceedings. As to bail, the Government requested detention. None of the defense attorneys argued for bail. After having heard the parties, the Court ordered all the defendants detained pending trial based on risk of flight and danger to the community. Order to be issued. The Court instructed counsel Bisbal to file a motion directed to the presiding judge regarding his request for the Government to preserve the seized evidence. (Court Reporter DCR/ ZoomGov Recording.) Hearing set for 02:30. Hearing held at 02:50. Hearing ended at 03:05. Interpreter Lisa Leilanie Solis. (mig) (Entered: 09/07/2022) |
| 09/01/2022 | 21 | Minute Entry for proceedings held before US Magistrate Judge Giselle Lopez–Soler: Return of Indictment by Grand Jury as to German Ariel Leonardo–Candelaria (1), Jesus Alberto Rodriguez–Leonardo (2), Marcos Alexander–Almeida (3), Jason Chavez (4), Angelo Reina Vazquez (5), Osmerlin Carrion–Cordones (6), Ruddy Ariel Perez (7), Jobi Torres (8) held on 9/1/2022. Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video–teleconference–vtc–hearing–links. As to Defendants 1–4, Arraignment/Bail set for 9/7/2022 02:15 PM in VTC Bridge MDM before US Magistrate Judge Marshal D. Morgan. As to Defendants 5–8, Arraignment/Bail set for 9/7/2022 02:30 PM in VTC Bridge MDM before US Magistrate Judge Marshal D. Morgan.** Defendants under custody. (ab) (Entered: 09/02/2022) |
| 09/01/2022 | 20 | INDICTMENT as to German Ariel Leonardo–Candelaria (1) count(s) 1, 2, 3, 4, 5, 6, Jesus Alberto Rodriguez–Leonardo (2) count(s) 1, 2, 3, 4, 5, 6, Marcos Alexander–Almeida (3) count(s) 1, 2, 3, 4, 5, 6, Jason Chavez (4) count(s) 1, 2, 3, 4, 5, 6, Angelo Reina Vazquez (5) count(s) 1, 2, 3, 4, 5, 6, Osmerlin Carrion–Cordones (6) count(s) 1, 2, 3, 4, 5, 6, Ruddy Ariel Perez (7) count(s) 1, 2, 3, 4, 5, 6, Jobi Torres (8) count(s) 1, 2, 3, 4, 5, 6. (ab) (Additional attachment(s) added on 9/2/2022: # 1 NPV Indictment)(ab). Modified on 1/24/2023 to correct typo (ab). (Entered: 09/02/2022) |

| 08/29/2022 | 7 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Osmerge Cordones. Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Office, Osmerge Cordones (Castro, August) [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
| --- | --- | --- |
| 08/29/2022 | 11 | ORDER granting 10 Motion to Withdraw as Attorney. Linet Suarez withdrawn from case as to German Ariel Leonardo–Candelaria (1), Osmerge Cordones (2), Ruddy Ariel Perez (3), Jesus Alberto Rodriguez–Leonardo (4), Angelo Reina Vazquez (5), Marco Alexander Almeida (6), Jason Chavez (7), and Jobi Torres (8). Signed by US Magistrate Judge Marshal D. Morgan on 8/29/2022. (cml) Modified on 9/1/2022 to correct defendant (5) name (mg). [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
| 08/29/2022 | 10 | MOTION to Withdraw as Attorney by Linet Suarez. by USA as to German Ariel Leonardo–Candelaria, Osmerge Cordones, Ruddy Ariel Perez, Jesus Alberto Rodriguez–Leonardo, Angelo Reina Vazquez, Marco Alexander Almeida, Jason Chavez, Jobi Torres. Responses due by 9/12/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Suarez, Linet) Modified on 9/1/2022 to correct defendant (5) name (mg). [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
| 08/29/2022 | 9 | NOTICE OF ATTORNEY APPEARANCE: Antonio L. Perez–Alonso appearing for USA. (Perez–Alonso, Antonio) [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
| 08/24/2022 | 13 | ORDER scheduling detention hearing as to Osmerge Cordones. Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Marshal D. Morgan on 8/24/2022. (mig) [3:22–mj–01027–MDM] (Entered: 09/01/2022) |
| 08/24/2022 | | CJA 20 as to Osmerge Cordones: Appointment of Attorney Ramon M Gonzalez–Santiago for Osmerge Cordones. Signed by US Magistrate Judge Marshal D. Morgan on 8/24/2022. (mig) [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
| 08/24/2022 | 3 | Minute Entry for proceedings held before US Magistrate Judge Marshal D. Morgan: Initial Appearance as to German Ariel Leonardo–Candelaria, Osmerge Cordones, Ruddy Ariel Perez, Jesus Alberto Rodriguez–Leonardo, Angelo Reina Vazquez, Marco Alexander Almeida, Jason Chavez, and Jobi Torres was held on 8/24/2022. Present: AUSA Linet Suarez and AFPD Isabel Mattina. The defendants were present, under custody at the DEA Office and assisted by a certified court interpreter. All parties were present via VTC. The Court found that the defendants knowingly and voluntarily waived their right to attend this hearing in person and consented to proceed by way of VTC. The defendants were advised as to the charge in the Complaint, the maximum penalties that they are exposed to if convicted of that charge, and their rights. The Federal Public Defender was appointed to represent defendant No. 1. Attorneys from the CJA Panel were appointed to represent defendants No. 2–8.The Court ordered all the defendants temporarily detained pending further proceedings. Pursuant to the Due Process Protections Act, Pub. L. No. 116–182, 134 Stat. 894 (Oct. 21, 2020) and Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is reminded of its obligation to disclose in a timely manner all exculpatory evidence to the defendant[s], that is, all evidence that is favorable to the defendant[s] or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court. All the defendants chose to exercise their right to consular notification. **As to defendants No. 1, 2, 3, and 4, Preliminary Examination/Bail Hearing was set for 9/7/2022 at 2:15 PM before US Magistrate Judge Marshal D. Morgan. As to defendants No. 5, 6, 7, and 8, Preliminary Examination/Bail Hearing was set for 9/7/2022 at 2:30 PM via VTC before US Magistrate Judge Marshal D. Morgan.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video–teleconference–vtc–hearing–links**. (Court Reporter DCR/ ZoomGov Recording.) Hearing held at 05:17. Hearing ended at 05:27. Interpreter Lisa Leilanie Solis. (mig) Modified on 9/1/2022 to correct defendant (5) name (mg). [3:22–mj–01027–MDM] (Entered: 08/29/2022) |

| 08/24/2022 | | Arrest of German Ariel Leonardo–Candelaria, Osmerge Cordones, Ruddy Ariel Perez, Jesus Alberto Rodriguez–Leonardo, Angelo Reina Vazquez, Marco Alexander Almeida, Jason Chavez, and Jobi Torres. (mig) Modified on 9/1/2022 to correct defendant (5) name (mg). [3:22–mj–01027–MDM] (Entered: 08/29/2022) |
|---|---|---|
| 08/24/2022 | 2 | *RESTRICTED* ARREST Warrant Issued by US Magistrate Judge Marshal D. Morgan in case as to German Ariel Leonardo–Candelaria, Osmerge Cordones, Ruddy Ariel Perez, Jesus Alberto Rodriguez–Leonardo, Angelo Reina Vazquez, Marco Alexander Almeida, Jason Chavez, Jobi Torres. (mg) Modified on 9/1/2022 to correct defendant (5) name (mg). [3:22–mj–01027–MDM] (Entered: 08/28/2022) |
| 08/24/2022 | 1 | COMPLAINT as to German Ariel Leonardo–Candelaria (1), Osmerge Cordones (2), Ruddy Ariel Perez (3), Jesus Alberto Rodriguez–Leonardo (4), Angelo Reina Vazquez (5), Marco Alexander Almeida (6), Jason Chavez (7), Jobi Torres (8). (Attachments: # 1 Affidavit).(mg) Modified on 9/1/2022 to correct defendant name. (mg). [3:22–mj–01027–MDM] (Entered: 08/28/2022) |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **INDICTMENT** |
| Plaintiff, | Criminal No. 22 -**394**  *(FAB)* |
| v. | Violations:<br>18 U.S.C. § 2<br>46 U.S.C. §§ 70503(a)(1), (a)(2), &<br>70506(b) |
| **[1] GERMAN ARIEL LEONARDO-CANDELARIA,**<br>**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**<br>**[3] MARCOS ALEXANDER-ALMEIDA, AKA**<br>**Marco Alexander-Almeida**<br>**[4] JASON CHAVEZ,**<br>**[5] ANGELO REINA VAZQUEZ,**<br>**[6] OSMERLIN CARRION-CORDONES, AKA**<br>**Osmerge Cordones**<br>**[7] RUDDY ARIEL PEREZ,**<br>**[8] JOBI TORRES,** | 21 U.S.C. §§ 952(a), 960, 963<br>18 U.S.C. § 2237(a)(1)<br><br>RECEIVED AND FILED<br>CLERK'S OFFICE USDC PR<br>Forfeiture:   2022 SEP 1 PM4:44<br>21 U.S.C. §§ 853, 970<br>46 U.S.C. § 70507<br>(Six Counts) |
| Defendants, | |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
**Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. §§ 70503(a)(1) & 70506(b), and 21 U.S.C. § 960(b)(1)(B)

Beginning on an unknown date, no later than August 17, 2022, and continuing up until the return

of the instant indictment, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with

each other, and with other diverse persons, to commit an offense defined in 46 U.S.C. § 70503, to wit: to

knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel

subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1), & 70506(b),

and 21 U.S.C. § 960(b)(1)(B).

**COUNT TWO**
**Possession with Intent to Distribute a Controlled Substance**
**Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2

On or about August 17, 2022, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, aiding and abetting each other and other persons, did knowingly and intentionally

possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a

detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction

of the United States. All in violation of 46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C.

§ 2.

**COUNT THREE**
**Conspiracy to Import Cocaine**
21 U.S.C. §§ 952(a), 960, 963

Beginning on an unknown date, no later than August 17, 2022, and continuing up until the return

of the instant indictment, from places outside of the United States, including the Dominican Republic, and

elsewhere,

2

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with

each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense

against the United States, that is, to knowingly and intentionally import into the United States five (5)

kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II

controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960 and 963.

**COUNT FOUR**
**Attempted Importation of Cocaine**
21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2

On or about August 17, 2022, from places outside of the United States, including the Dominican

Republic, and elsewhere,

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, aiding and abetting each other and other persons known and unknown to the Grand

Jury, attempted to knowingly and intentionally commit an offense against the United States, that is, to

knowingly and intentionally import into the United States five (5) kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation

of 21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2.

## COUNT FIVE
**Jettisoning Property Subject to Forfeiture Under 21 U.S.C. § 881(a) while on board a Vessel Subject to the Jurisdiction of the United States, Aiding and Abetting**
46 U.S.C. §§ 70503(a)(2) and 18 U.S.C. § 2

On or about August 17, 2022, on the high seas, elsewhere and within the jurisdiction of this Court,

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, did knowingly and intentionally aid and abet each other to commit an offense

defined in 46 U.S.C. § 70503, that is, to jettison narcotics subject to forfeiture under 21 U.S.C. § 881(a),

from a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(2)

and 18 U.S.C. § 2.

## COUNT SIX
**Failure to Heave**
18 U.S.C. § 2237(a)(1) and 18 U.S.C. § 2

On or about August 17, 2022, on the high seas and elsewhere within the jurisdiction of this Court,

**[1] GERMAN ARIEL LEONARDO-CANDELARIA,**
**[2] JESUS ALBERTO RODRIGUEZ-LEONARDO,**
**[3] MARCOS ALEXANDER-ALMEIDA, AKA Marco Alexander-Almeida**
**[4] JASON CHAVEZ,**
**[5] ANGELO REINA VAZQUEZ,**
**[6] OSMERLIN CARRION-CORDONES, AKA Osmerge Cordones**
**[7] RUDDY ARIEL PEREZ,**
**[8] JOBI TORRES,**

the defendants herein, aiding and abetting each other, while being masters, operators, or persons in charge

of a vessel subject to the jurisdiction of the United States, did knowingly and unlawfully fail to obey an

order by an authorized Federal law enforcement officer to heave to that vessel. All in violation of Title 18

§ 2237(a)(1) and 18 U.S.C. § 2.

4

## FORFEITURE ALLEGATIONS

### NARCOTICS

1. The allegations contained in Counts Three and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853, 970.

2. Pursuant to 21 U.S.C. §§ 853, 970, upon conviction of any of the offenses alleged in Counts Three or Four of this indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

5

## MARITIME DRUG LAW ENFORCEMENT

1.  The allegations in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2.  The United States gives notice to the Defendants charged in Counts One and Two of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

TRUE BILL

W. STEPHEN MULDROW
United States Attorney


Max J. Perez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON

Date: _September 1, 2022_


Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section


Antonio L. Perez-Alonso
Assistant United States Attorney
Transnational Organized Crime Section

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

```
UNITED STATES OF AMERICA,    )    CASE NO. 22-CR-394 (FAB)
Plaintiff,                   )
                             )      CHANGE OF PLEA HEARING
vs                           )
                             )
[6] OSMERLIN CARRION-CORDONES, )
Defendant.                   )
```

TRANSCRIPT OF CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE SENIOR JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Thursday, June 1, 2023

APPEARANCES:

For the United States:  ANTONIO L. PEREZ-ALONSO, AUSA

For the Defendant:    RAMON M. GONZALEZ-SANTIAGO, ESQ.

Produced by mechanical stenography; computer-aided transcription

Joe Reynosa, CSR, RPR
Official Court Reporter

```
1              (PROCEEDINGS COMMENCED AT 9:50 A.M.)

2

3              THE COURT:  Please call this change of plea

4    hearing.

5              THE COURTROOM DEPUTY CLERK:  Yes, Judge.

6              Criminal Case No. 22-394, United States of America

7    versus Marcos Alexander-Almeida, Jason Chavez and Osmerlin

8    Carrion-Cordones.  Case is called for a Change of Plea

9    Hearing.

10             On behalf of the Government, Assistant United

11   States Attorney Antonio L. Perez-Alonso.

12             On behalf of the Defendants, Court-Appointed

13   Counsel Miguel A. Rodriguez-Robles, Antonio L. Bisbal-Bultron

14   and Ramon M. Gonzalez-Santiago.

15             The three Defendants are present in court, and they

16   will be assisted by a certified court interpreter.

17             MR. PEREZ-ALONSO:  Good morning, Your Honor.  AUSA

18   Antonio Perez-Alonso on behalf of the United States.  We are

19   ready to proceed.

20             THE COURT:  Good morning.

21             Are these straight pleas, Mr. Perez?

22             MR. PEREZ-ALONSO:  Well, Your Honor, we have two

23   straight please.  I believe Jason Chavez and Mr. Osmerlin

24   Carrion-Cordones will be pleading guilty as to a straight

25   plea.  Mr. Marcos Alexander-Almeida, from my conversations
```

```
 1   with counsel earlier, we were proceeding under the idea that
 2   it would be a plea agreement, but I believe that in trying to
 3   get the plea agreement documents signed, they are not sure
 4   still if they want to proceed via straight plea or via plea
 5   agreement.  And so I believe counsel was going to ask for a
 6   brief continuance.
 7             THE COURT:  Mr. Rodriguez.
 8             MR. RODRIGUEZ-ROBLES:  Yes, Your Honor, that is
 9   exactly right.
10             Well, I don't want to enter into privileged
11   matters, but the reality is that, although I had told my
12   client the details of the plea agreement, it wasn't until
13   yesterday that we had the chance to discuss the document
14   itself.  And he would like perhaps two weeks, Your Honor, to
15   discuss this document with his family.
16             Your Honor, it's a life changing, major decision,
17   so that is why we ask for only two additional weeks,
18   Your Honor.
19             THE COURT:  We will continue -- as to
20   Mr. Alexander-Almeida, we will have a change of plea hearing
21   or a pretrial conference in two weeks.
22             THE COURTROOM DEPUTY CLERK:  Yes, Judge.
23             June 13.
24             THE COURT:  At 9 o'clock in the morning.
25             THE COURTROOM DEPUTY CLERK:  I am sorry.  June 15,
```

1   9 o'clock in the morning.

2          THE COURT:  Change of plea hearing or pretrial

3   conference on June 15, 2023.

4          MR. PEREZ-ALONSO:  Your Honor, just for matters of

5   efficiency, there is currently a change of plea hearing for

6   another Defendant on June 13th.  May be if we schedule them

7   for the same day we might be able to do them together.

8          THE COURTROOM DEPUTY CLERK:  Yes, Judge.

9          THE COURT:  Okay, June 13.

10          Change of plea hearing or pretrial conference on

11   June 13, 2023, at 9 o'clock in the morning.

12          Who is the other Defendant?

13          MR. PEREZ-ALONSO:  The other one that is scheduled

14   that day is No. 2, Jesus Alberto Rodriguez-Leonardo.

15          THE COURT:  Is he going to change his plea, or he

16   doesn't know yet?

17          MR. PEREZ-ALONSO:  I believe he filed a motion.  He

18   filed a motion for change of plea, so he should be changing

19   his plea.

20          THE COURTROOM DEPUTY CLERK:  That's the case,

21   counsel filed a motion yesterday.  It was for Tuesday.  You

22   told me to reset it for two weeks.

23          THE COURT:  So change of plea hearing or pretrial

24   conference on June 13, 2023, for Mr. Alexander.

25          Which means, Mr. Rodriguez, that you should file

either a motion to change plea or inform the Court that

Mr. Alexander will proceed to trial no later than June 8.

Okay?

MR. RODRIGUEZ-ROBLES:  I will comply, Your Honor.

THE COURT:  If he decides to go to trial, then we

will set a trial date on that date.

MR. RODRIGUEZ-ROBLES:  Understood.

THE COURT:  Mr. Alexander and Mr. Rodriguez, you

are excused.

MR. RODRIGUEZ-ROBLES:  Thank you, Your Honor.

THE COURT:  So are we ready for the changes of plea

for Mr. Chavez and Mr. Carrion?

MR. GONZALEZ-SANTIAGO:  We are ready, Your Honor.

As to Mr. Carrion, we are ready.

MR. BISBAL-BULTRON:  Antonio Bisbal for Mr. Jason

Chavez.  We are ready, Your Honor.

THE COURT:  Would you please put Mr. Chavez and

Mr. Carrion under oath.

THE COURTROOM DEPUTY CLERK:  Yes, Judge.

Both Defendants, please raise your right hand.


JASON CHAVEZ,

after having been first duly

sworn or affirmed upon oath, was examined

and testified as follows:

```
 1                    OSMERLIN CARRION-CORDONES,

 2                   after having been first duly

 3                sworn or affirmed upon oath, was examined

 4                     and testified as follows:

 5

 6           THE COURT:  Mr. Chavez and Mr. Carrion, because I

 7   am taking your pleas at the same time, in order to keep the

 8   record straight, when I ask questions directed to both of

 9   you, I would like Mr. Chavez to answer first and then

10   Mr. Carrion may answer.

11           Is that understood?

12           DEFENDANT CHAVEZ:  Yes.

13           DEFENDANT CARRION-CORDONES:  Yes.

14           THE COURT:  So, gentlemen, before I accept your

15   petitions to enter pleas of guilty, I have to determine that

16   each of you is competent to make your plea and that your

17   petition is completely voluntary.

18           Do both of you understand that?

19           DEFENDANT CHAVEZ:  Yes.

20           DEFENDANT CARRION-CORDONES:  Yes.

21           THE COURT:  Do both of you understand that you are

22   now under oath?

23           DEFENDANT CHAVEZ:  Yes.

24           DEFENDANT CARRION-CORDONES:  Yes.

25           THE COURT:  If you answer any of my questions
```

1   falsely, your answers may later be used against you in a

2   prosecution for perjury or for making a false statement.

3            Do both of you understand that?

4            DEFENDANT CHAVEZ:  Yes.

5            DEFENDANT CARRION-CORDONES:  Yes.

6            THE COURT:  Mr. Chavez, what is your full name?

7            DEFENDANT CHAVEZ:  Jason Chavez.

8            THE COURT:  How old are you?

9            DEFENDANT CHAVEZ:  25.

10           THE COURT:  How far did you go in school?

11           DEFENDANT CHAVEZ:  Ninth grade, first year of high

12   school.

13           THE COURT:  Mr. Carrion, what you are full name?

14           DEFENDANT CARRION-CORDONES:  Osmerlin

15   Carrion-Cordones.

16           THE COURT:  And how old are you?

17           DEFENDANT CARRION-CORDONES:  30.

18           THE COURT:  And how far did you go in school?

19           DEFENDANT CARRION-CORDONES:  Ninth grade, or first

20   year of high school.

21           THE COURT:  Have any one of you been treated

22   recently for any mental illness?

23           DEFENDANT CHAVEZ:  No.

24           DEFENDANT CARRION-CORDONES:  No.

25           THE COURT:  Have any of you been treated recently

1   for addiction to any type of narcotic drug?

2           DEFENDANT CHAVEZ:  No.

3           DEFENDANT CARRION-CORDONES:  No.

4           THE COURT:  Are any of you currently under the

5   influence of any type of narcotic drug?

6           DEFENDANT CHAVEZ:  No.

7           DEFENDANT CARRION-CORDONES:  No.

8           THE COURT:  Are any of you currently taking any

9   type of medication?

10          DEFENDANT CHAVEZ:  No.

11          DEFENDANT CARRION-CORDONES:  No.

12          THE COURT:  Are any of you currently under the

13  influence or have you drunk any alcoholic beverage within the

14  last 24 hours?

15          DEFENDANT CHAVEZ:  No.

16          DEFENDANT CARRION-CORDONES:  No.

17          THE COURT:  Mr. Chavez, what is it that you want to

18  do today here in court?

19          DEFENDANT CHAVEZ:  To plead guilty.

20          THE COURT:  Mr. Carrion, what do you want to do?

21          DEFENDANT CARRION-CORDONES:  To plead guilty.

22          THE COURT:  Counsel, do any of you have any doubts

23  as to your client's competence to plead?

24          Mr. Bisbal?

25          MR. BISBAL-BULTRON:  No, I don't have any,

1      Your Honor.

2                THE COURT:  Mr. Gonzalez?

3                MR. GONZALEZ-SANTIAGO:  None at all, Your Honor.

4                THE COURT:  Mr. Perez, do you have any doubts as to

5      either of the Defendants' competence to plead?

6                MR. PEREZ-ALONSO:  I have no doubts, Your Honor.

7                THE COURT:  Based on their answers to my questions

8      and their appropriate demeanors, I find Defendants Jason

9      Chavez and Osmerlin Carrion-Cordones to be competent to enter

10     their pleas of guilty.

11               Gentlemen, have each you received a copy of the

12     indictment that's pending against you?

13               DEFENDANT CHAVEZ:  Yes.

14               DEFENDANT CARRION-CORDONES:  Yes.

15               THE COURT:  Did you discuss the charges in the

16     indictment with your attorney?

17               DEFENDANT CHAVEZ:  Yes.

18               DEFENDANT CARRION-CORDONES:  Yes.

19               THE COURT:  Did you discuss your decision to plead

20     guilty with your attorney?

21               DEFENDANT CHAVEZ:  Yes.

22               DEFENDANT CARRION-CORDONES:  Yes.

23               THE COURT:  Are both of you fully satisfied with

24     the counsel, representation, and advice given to you by your

25     attorney?

1              DEFENDANT CHAVEZ:  Yes.

2              DEFENDANT CARRION-CORDONES:  Yes.

3              THE COURT:  Do both of you understand that you have

4     a right to plead not guilty to the offenses charged against

5     you?

6              DEFENDANT CHAVEZ:  Yes.

7              DEFENDANT CARRION-CORDONES:  Yes.

8              THE COURT:  Do both of you understand that you have

9     a right to maintain that plea of not guilty if you wanted to?

10             DEFENDANT CHAVEZ:  Yes.

11             DEFENDANT CARRION-CORDONES:  Yes.

12             THE COURT:  Do both of you understand that if you

13    were to maintain a plea of not guilty, you would then have

14    the right to a trial by jury?

15             DEFENDANT CHAVEZ:  Yes.

16             DEFENDANT CARRION-CORDONES:  Yes.

17             THE COURT:  Do both of you understand that at your

18    trial you would be presumed to be innocent?

19             DEFENDANT CHAVEZ:  Yes.

20             DEFENDANT CARRION-CORDONES:  Yes.

21             THE COURT:  Do both of you understand that it's the

22    Government that would have to prove that you are guilty with

23    competent evidence and beyond a reasonable doubt?

24             DEFENDANT CHAVEZ:  Yes.

25             DEFENDANT CARRION-CORDONES:  Yes.

```
 1              THE COURT:  Do both of you understand that at your
 2    trial your attorney would be with you at all times to help
 3    you with your defense?
 4              DEFENDANT CHAVEZ:  Yes.
 5              DEFENDANT CARRION-CORDONES:  Yes.
 6              THE COURT:  And that you would have the right to
 7    see every witness that would come to the trial to testify and
 8    listen to every witness' testimony.
 9              Do you understand that?
10              DEFENDANT CHAVEZ:  Yes.
11              DEFENDANT CARRION-CORDONES:  Yes.
12              THE COURT:  And that you also would have the right
13    to have each and every witness cross-examined as part of your
14    defense.
15              Do both of you understand that?
16              DEFENDANT CHAVEZ:  Yes.
17              DEFENDANT CARRION-CORDONES:  Yes.
18              THE COURT:  And that you would have the right not
19    to testify at your trial, or even present any evidence,
20    unless you voluntarily would want to do so as part of your
21    defense.
22              Do both of you understand that?
23              DEFENDANT CHAVEZ:  Yes.
24              DEFENDANT CARRION-CORDONES:  Yes.
25              THE COURT:  And that you would have the right to
```

1   have witnesses come to your trial to testify on your behalf

2   as part of your defense, if necessary, by Court order.

3          Do both of you understand that?

4          DEFENDANT CHAVEZ:  Yes.

5          DEFENDANT CARRION-CORDONES:  Yes.

6          THE COURT:  Do both of you understand that if you

7   were to decide not to testify at your trial, or even present

8   any evidence, that cannot be used against you?

9          DEFENDANT CHAVEZ:  Yes.

10         DEFENDANT CARRION-CORDONES:  Yes.

11         THE COURT:  Do both of you understand that by

12  entering your pleas of guilty, if I accept your pleas, there

13  will be no trial?

14         DEFENDANT CHAVEZ:  Yes.

15         DEFENDANT CARRION-CORDONES:  Yes.

16         THE COURT:  Do both of you understand that you will

17  have waived or given up your right to a trial and those other

18  rights that are associated with the trial that I just

19  mentioned to you?

20         DEFENDANT CHAVEZ:  Yes.

21         DEFENDANT CARRION-CORDONES:  Yes.

22         THE COURT:  Do both of understand that by entering

23  a plea of guilty, you also waive or give up your right not to

24  incriminate yourself?

25         DEFENDANT CHAVEZ:  Yes.

```
 1              DEFENDANT CARRION-CORDONES:  Yes.

 2              THE COURT:  The reason for that waiver is that I

 3    have to ask you questions about what you did in order for me

 4    to be satisfied that you are guilty.

 5              Do both of understand that?

 6              DEFENDANT CHAVEZ:  Yes.

 7              DEFENDANT CARRION-CORDONES:  Yes.

 8              THE COURT:  Do both of you understand that you will

 9    have to acknowledge that you are guilty?

10              DEFENDANT CHAVEZ:  Yes.

11              DEFENDANT CARRION-CORDONES:  Yes.

12              THE COURT:  Are you citizens of the United States?

13              DEFENDANT CHAVEZ:  No.

14              DEFENDANT CARRION-CORDONES:  No.

15              THE COURT:  Do both of you understand that the

16    offenses to which you are pleading guilty, Counts One through

17    Six of the indictment, are felony offenses?

18              DEFENDANT CHAVEZ:  Yes.

19              DEFENDANT CARRION-CORDONES:  Yes.

20              THE COURT:  Do both of you understand that if I

21    accept your pleas, you will be adjudged guilty of those

22    felony offenses?

23              DEFENDANT CHAVEZ:  Yes.

24              DEFENDANT CARRION-CORDONES:  Yes.

25              THE COURT:  Each of you is charged in six counts of
```

1   the indictment.

2          Count One charges both of you with conspiracy to

3   possess with intent to distribute a controlled substance

4   aboard a vessel subject to the jurisdiction of the United

5   States in that, beginning on a date that's not known but that

6   was no later than August 17, 2022, and which continued up to

7   and until the return of the indictment, on the high seas, and

8   elsewhere, you and others knowingly and intentionally

9   combined, conspired, confederated, and agreed with each

10   other, and with other persons, to knowingly and intentionally

11   possess with intent to distribute 5 kilograms or more of a

12   mixture or substance containing a detectable amount of

13   cocaine.

14          As to that count, gentlemen, is that what you did?

15          DEFENDANT CHAVEZ:  Yes.

16          DEFENDANT CARRION-CORDONES:  Yes.

17          THE COURT:  Count Two charges each of you with

18   possession with intent to distribute a controlled substance

19   aboard a vessel subject to the jurisdiction of the United

20   States, in that on or about August 17, 2022, on the high

21   seas, and elsewhere, within the jurisdiction of the Court,

22   you and others, aiding and abetting each other and other

23   persons, knowingly and intentionally possessed with intent to

24   distribute 5 kilograms or more of a mixture or substance

25   containing a detectable amount of cocaine aboard a vessel

1   subject to the jurisdiction of the United States.

2           Gentlemen, as to that Count Two, is that what you

3   did?

4           DEFENDANT CHAVEZ:  Yes.

5           DEFENDANT CARRION-CORDONES:  Yes.

6           THE COURT:  Count Three charges you with conspiracy

7   to import cocaine in that, beginning on a unknown date but

8   that was no later than August 17, 2022, and which continued

9   up until the return of the indictment, from places outside of

10  the United States, including the Dominican Republic, and

11  elsewhere, you and others knowingly and intentionally

12  combined, conspired, confederated, and agreed with each

13  other, and with other persons known and unknown to the Grand

14  Jury, to knowingly and intentionally import into the United

15  States 5 kilograms or more of a mixture or substance

16  containing a detectable amount of cocaine.

17          As to that Count Three, gentlemen, is that what you

18  did?

19          DEFENDANT CHAVEZ:  Yes.

20          DEFENDANT CARRION-CORDONES:  Yes.

21          THE COURT:  In Count Four, you are charged with

22  attempted importation of cocaine in that, on or about

23  August 17, 2022, from places outside the United States,

24  including the Dominican Republic, and elsewhere, you and

25  others, aiding and abetting each other, and other persons

known and unknown to the Grand Jury, attempted to knowingly

and intentionally import into the United States 5 kilograms

or more of a mixture or substance containing a detectable

amount of cocaine.

As to that Count Four, gentlemen, is that what you

did?

DEFENDANT CHAVEZ:  Yes.

DEFENDANT CARRION-CORDONES:  Yes.

THE COURT:  In Count Five, you are charged with

jettisoning property subject to forfeiture while onboard a

vessel subject to the jurisdiction of the United States, and

aiding and abetting in that, on or about August 17, 2022, on

the high seas, and elsewhere, and within the jurisdiction of

this court, you and others, knowingly and intentionally,

aided and abetted each other to jettison narcotics subject to

forfeiture from a vessel subject to the jurisdiction of the

United States.

As to that Count Five, gentlemen, is that what you

did?

DEFENDANT CHAVEZ:  Yes.

DEFENDANT CARRION-CORDONES:  Yes.

THE COURT:  And in Count Six, you are charged with

failure to heave in that, on or about August 17, 2022, on the

high seas, and elsewhere, within the jurisdiction of this

Court, you and others, aiding and abetting each other, while

being masters, operators or persons in charge of a vessel

subject to the jurisdiction of the United States, knowingly

and unlawfully failed to obey an order by authorized

federal law -- by a Federal law enforcement officer to heave

to that vessel.

As to that Count Six, gentlemen, is that what you

did?

DEFENDANT CHAVEZ:  Yes.

DEFENDANT CARRION-CORDONES:  Yes.

THE COURT:  As to all six counts, gentlemen, is

that what you are pleading guilty to?

DEFENDANT CHAVEZ:  Yes.

DEFENDANT CARRION-CORDONES:  Yes.

THE COURT:  Mr. Perez, would you please inform the

Court and the Defendants what the maximum and minimum

punishment that the law provides for each of the six counts.

MR. PEREZ-ALONSO:  Yes, Your Honor.

As to Counts One through Four, the penalties for

Counts One through Four are the same, and for each offense,

they are as follows:

A term of imprisonment which shall not be less than

ten years and up to life imprisonment, a fine not to exceed

$10 million, and a term of supervised release of at least

five years, in addition to any term of incarceration.

As to Count Five, it provides for a fine of up to

```
1    $250,000 and an imprisonment term of not more than 15 years.

2              THE COURT:  Fifteen?

3              MR. PEREZ-ALONSO:  15; 1, 5.

4              As to Count Six --

5              THE COURT:  Is there a supervised release term for

6    Count Five?

7              MR. PEREZ-ALONSO:  Yes.  It is a class C felony.

8              THE COURT:  I am sorry?

9              MR. PEREZ-ALONSO:  If I could have a brief second,

10   Your Honor.  I just want to confirm.

11             It should be a term of supervised release of not

12   more than three years.

13             THE COURT:  And Count Six?

14             MR. PEREZ-ALONSO:  And Count Six is a fine of up to

15   $250,000, an imprisonment term of up to five years, and also

16   a term of supervised release of not more than three years.

17             THE COURT:  There is also a special monetary

18   assessment that the Defendants have to pay of $100 for each

19   count, for a total of $600.

20             Counsel, have you discussed and explained the terms

21   of supervised release to your client?

22             MR. BISBAL-BULTRON:  Yes, Your Honor.

23             MR. GONZALEZ-SANTIAGO:  Yes, Your Honor.

24             THE COURT:  Gentlemen, on the date of your

25   sentence, in addition to your sentence, I will also impose
```

```
1    upon you six terms of supervised release, one for each count,

2    but those terms will be served concurrently with each other,

3    which means that they will be served at the same time.

4            If while you are on supervised release you violate

5    or you don't follow any of the conditions that I will impose

6    upon you for your supervised release term, the probation

7    officer who will be supervising you will tell me.  And if

8    that happens, we will have a hearing here in court.  And

9    depending on what happens at the hearing, I can revoke your

10   supervised release term and send you back to prison.

11           Do both of you understand that?

12           DEFENDANT CHAVEZ:  Yes.

13           DEFENDANT CARRION-CORDONES:  Yes.

14           THE COURT:  Are any of you a resident alien of the

15   United States?

16           DEFENDANT CHAVEZ:  No.

17           DEFENDANT CARRION-CORDONES:  No.

18           THE COURT:  Do both of you understand all those

19   serious possible consequences of your guilty plea?

20           DEFENDANT CHAVEZ:  Yes.

21           DEFENDANT CARRION-CORDONES:  Yes.

22           THE COURT:  Do you understand that sentencing

23   within the sentencing guidelines is a matter for the Court to

24   decide?

25           DEFENDANT CHAVEZ:  Yes.
```

1      DEFENDANT CARRION-CORDONES:  Yes.

2      THE COURT:  Have each of you talked about how the

3  sentencing guidelines might apply to your case with your

4  attorney?

5      DEFENDANT CHAVEZ:  Yes.

6      DEFENDANT CARRION-CORDONES:  Yes.

7      THE COURT:  Do both of you understand that I won't

8  be able to determine what the guideline sentence for your

9  case will be until I receive a completed pre-sentence

10  investigation report prepared by a probation officer?

11      DEFENDANT CHAVEZ:  Yes.

12      DEFENDANT CARRION-CORDONES:  Yes.

13      THE COURT:  Do both of you understand that the

14  sentence that I may impose upon you may be different from any

15  estimate that your attorney may have given you, and even

16  different from what may be recommended either by your

17  attorney or by the Government on the date of your sentence?

18      Do you understand that?

19      DEFENDANT CHAVEZ:  Yes.

20      DEFENDANT CARRION-CORDONES:  Yes.

21      THE COURT:  Do both of you understand that the

22  sentence that I may impose upon you may be affected by your

23  criminal history?

24      DEFENDANT CHAVEZ:  Yes.

25      DEFENDANT CARRION-CORDONES:  Yes.

```
 1              THE COURT:  Do both of you understand that even

 2   after your sentencing guideline range has been determined, I

 3   can in some circumstances depart or vary from the guidelines

 4   and impose a sentence on you that is either more severe or

 5   less severe than the sentence called for by the guidelines?

 6              DEFENDANT CHAVEZ:  Yes.

 7              DEFENDANT CARRION-CORDONES:  Yes.

 8              THE COURT:  Do you understand that there is no

 9   parole in the Federal system?

10              DEFENDANT CHAVEZ:  Yes.

11              DEFENDANT CARRION-CORDONES:  Yes.

12              THE COURT:  If you are sentenced to prison, you

13   will not be released on parole.

14              Do both of you understand that?

15              DEFENDANT CHAVEZ:  Yes.

16              DEFENDANT CARRION-CORDONES:  Yes.

17              THE COURT:  Do you understand that I can reject

18   whatever sentencing recommendation is made to me either by

19   your attorney or the Government, and I can impose a sentence

20   on you that is either more severe or less severe than any

21   sentence you may anticipate without permitting you to

22   withdraw your plea of guilty?

23              DEFENDANT CHAVEZ:  Yes.

24              DEFENDANT CARRION-CORDONES:  Yes.

25              THE COURT:  Are both of you pleading guilty because
```

1  someone forced you to change your plea?

2          DEFENDANT CHAVEZ:  No.

3          DEFENDANT CARRION-CORDONES:  No.

4          THE COURT:  Is your plea a completely voluntary

5  plea made by you on your own behalf?

6          DEFENDANT CHAVEZ:  Yes.

7          DEFENDANT CARRION-CORDONES:  Yes.

8          THE COURT:  Mr. Perez, has the Government provided

9  full and complete discovery to counsel?

10          MR. PEREZ-ALONSO:  It provided discovery,

11  Your Honor, yes.

12          THE COURT:  Please give a brief explanation of the

13  theory to be presented to prove these Defendants guilty if a

14  trial were to be held.

15          MR. PEREZ-ALONSO:  Yes, Your Honor.

16          Had this matter proceeded to trial, the United

17  States would have shown beyond any reasonable doubt that on

18  August 17, 2022, a maritime patrol aircraft detected a

19  go-fast vessel with eight individuals onboard navigating

20  approximately 28 nautical miles north of Isabela,

21  Puerto Rico.

22          The vessel was described as a small 25-feet

23  yola-type vessel, blue and white in color, with one

24  60-horsepower outboard engine and no indicia of nationality.

25          Soon after, the United States Coast Guard Cutter

1    Joseph Doyle diverted to intercept the vessel.

2           As the Coast Guard Cutter was approaching the

3    vessel, the maritime patrol aircraft observed as the

4    individuals onboard the vessel jettisoned several packages.

5           The Coast Guard boarding team approached the

6    jettisoned field and were able to recover approximately five

7    bales consistent in shape and size with bales of narcotics.

8           The United States Coast Guard boarding team then

9    pursued the vessel.

10          The Coast Guard boarding team requested the vessel

11   to heave, but the crew failed to follow the United States

12   Coast Guard's request for approximately 10 miles.  Only after

13   several requests did the crew comply with the Coast Guard's

14   request to heave.

15          Ultimately, the vessel heaved approximately

16   18 nautical miles north of Camuy, Puerto Rico.

17          Once the Coast Guard boarding team arrived on

18   scene, they conducted the right-of-approach questioning.

19   There were eight individuals onboard of the vessel, including

20   both of the Defendants here today, Jason Chavez and Osmerlin

21   Carrion-Cordones.

22          The boarding team reported two positive ion scan

23   swabs that produced hits on the vessel that were positive for

24   cocaine.

25          Personnel of the Coast Guard Cutter also conducted

1  two narcotics identification kit tests on the suspected

2  contraband, which were positive for cocaine.

3          The suspected contraband was eventually lab tested

4  and tested positive for cocaine with a net weight of

5  approximately 95 kilograms.

6          Had this matter proceeded to trial, the United

7  States would have presented evidence through the testimony of

8  witnesses, as well as physical evidence and documentary

9  evidence, which would have proven beyond a reasonable doubt

10  the Defendants' guilt on all six counts in the indictment.

11          THE COURT:  Gentlemen, do both of you agree with

12  the Government's version that you just heard?

13          DEFENDANT CHAVEZ:  Yes.

14          DEFENDANT CARRION-CORDONES:  Yes.

15          THE COURT:  Is that what you did?

16          DEFENDANT CHAVEZ:  Yes.

17          DEFENDANT CARRION-CORDONES:  Yes.

18          THE COURT:  Do you still want to plead guilty?

19          DEFENDANT CHAVEZ:  Yes.

20          DEFENDANT CARRION-CORDONES:  Yes.

21          THE COURT:  Mr. Chavez, how do you plead to the

22  charges before the Court, guilty or not guilty?

23          DEFENDANT CHAVEZ:  Yes.

24          THE COURT:  No, no.  Wait.  You have to say

25  "guilty" or "not guilty."

1          DEFENDANT CHAVEZ:  Guilty.

2          THE COURT:  Mr. Carrion, how do you plead to the

3     charges before the Court, guilty or not guilty?

4          DEFENDANT CARRION-CORDONES:  Guilty.

5          THE COURT:  It's the finding of the Court in the

6     case of the United States versus Jason Chavez and Osmerlin

7     Carrion-Cordones that both Defendants are fully competent and

8     capable of their informed pleas, that they are aware of the

9     nature of the charges and the consequences of their pleas,

10    and that their pleas of guilty are knowing and voluntarily

11    ones, supported by an independent basis in fact containing

12    each of the essential elements of the offenses.

13         Their pleas are, therefore, accepted, and they are

14    now adjudged guilty of those offenses.

15         The Court orders a pre-sentence investigation

16    report for each Defendant, to be prepared by a probation

17    officer, to assist the Court at sentencing.

18         Gentlemen, it's very important that you cooperate

19    with the probation officer when he or she is preparing this

20    report.  Your attorney may accompany you during and help you

21    with when you meet with the probation officer assigned to

22    your case.

23         Do both of you understand that?

24         DEFENDANT CHAVEZ:  Yes.

25         DEFENDANT CARRION-CORDONES:  Yes.

1          THE COURT:  May I have a sentencing date, please.

2          THE COURTROOM DEPUTY CLERK:  Yes, Judge.

3          Sentencing set for September 2, 2023, 9 o'clock in

4     the morning.

5          THE COURT:  Sentence on September 2, 2023, at

6     9 o'clock in the morning.

7          Anything else, Mr. Perez?

8          MR. PEREZ-ALONSO:  Nothing else on behalf of the

9     Government, Your Honor.

10          THE COURT:  Mr. Bisbal or Mr. Gonzalez?

11          MR. BISBAL-BULTRON:  Nothing for Mr. Chavez,

12     Your Honor.

13          MR. GONZALEZ-SANTIAGO:  Nothing else, Your Honor.

14          THE COURT:  You are excused.

15          Thank you.

16          THE COURTROOM DEPUTY CLERK:  Sorry, August 30.

17          THE COURT:  So August 30 at 9 o'clock, please.

18          Thank you for the clarification.

19

20          (PROCEEDINGS ADJOURNED AT 10:25 A.M.)

21

22

23

24

25

Joe Reynosa, CSR, RPR
Official Court Reporter

REPORTER'S CERTIFICATE

I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa

_____
JOE REYNOSA, CSR, RPR
United States Court Reporter
Federico Degetau Federal
Building, Room 150
150 Carlos Chardon Street
San Juan, Puerto Rico 00918-176
(787) 772-3480

Joe Reynosa, CSR, RPR
Official Court Reporter

–1–

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>vs.<br><br>**OSMERLIN CARRION-CORDONES,**<br>Defendant. | Criminal No..:  22-394 **(FAB)** |

## SENTENCING MEMORANDUM

**TO THE HONORABLE FRANCISCO A. BESOSA**
**JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO:**

     **NOW COMES** Defendant **OSMERLIN CARRION-CORDONES** through the undersigned counsel and respectfully submits the following Sentencing Memorandum with respect to the upcoming sentencing hearing.

     Mr. **Carrion** and *7* co-defendants were the subject of a Six-Count Indictment rendered by the District of Puerto Rico stemming from the same set of facts. C**ount One** charges the defendants with conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1),  70506(b) and 21 U.S.C. § 96061 (B).

1

–2–

**Count Two** charges that on the same period of time , on the high seas, elsewhere and within the jurisdiction of this Court, Mr. Carrion and his co-defendants, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C.§ 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B).

**Count Three** charges that  during the same period of time, from the Dominican Republic and elsewhere, Mr. Carrion and his codefendants conspired to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960 and 963.

**Count Four** charges the defendats, aiding and abetting each other, intentionally and knowingly attempted to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation 21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2.

–3–

**Count Five** charges the defendants did knowingly and intentionally and abet each other to commit an offense defined in 46 U.S./C. & 70503, then is, to jettison property subject to forfeiture under 21 U.S.C. § 881(a) from a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §70503(1)(2) and 18 U.S.C. §2.

**Count Six** charges the defendants, aiding and abetting each other, while being masters, operators, or persons in charge of a vessel subject to the jurisdiction of the United States, did knowingly and unlawfully fail to obey an order by an authorized Federal law enforcement officer to heave to that vessel. All in violation of Title 18 § 2237(a)(1) and 18 U.S.C. § 2.

**On June 1, 2023, Mr. Carrion entered a straight plea of guilty to all counts of the indictment.**

The Presentence Investigation Report ("PSR"), concluded that under USSG §2D1.1(c)(2),  an offense involving possession with intent to distribute at least at least 50 KG but less than 150 KG of Cocaine, specifically 95 kilos,  a base offense level of **<u>34</u>**   is established.    *See Amended PSR, Doc. 179, page 8 paragraghs 28.* After deducting three levels for acceptance of responsibility, a **Total Offense Level of 31 was determined**. *See PSR,   page 9,  paraghrgh 37.* Based upon a total offense level of 31 and a criminal history category of I, the **guideline imprisonment range is 108 to 135 months**. *PSR, page 12, paragraph 65.* The report contains no **Adjustment for Role in the Offense.** *See*

–4–

*PSR, page 9, parragrgh 31.* **There is a mandatory minimum sentence of 10 years of imprisonment.**

USSG §3B1.2 (b) provides that (a) if  the defendant was a minimal participant in any criminal activity, decrease by **4** levels; (b)    If the defendant was a minor participant in any criminal activity, decrease by **2** levels. In cases falling between (a) and (b), decrease by **3** levels.

Application Note 3 (A) to USSG Section 3B1.2, related to the applicability of the adjudtment for minor role, reads as follows:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. **For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.**

Application Note 3 (A) further provideds a none exhaustive list of factors to be considered by the court when making a determination as to the applicability of the minor role adjustment:

> (C) <u>Fact-Based Determination</u>.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

4

–5–

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

> (i)      the degree to which the defendant understood the scope and structure of the criminal activity;

> (ii)      the degree to which the defendant participated in planning or organizing the criminal activity;

> (iii)      the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

> (iv)      the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

> (v)      the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

 The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

An analysis of Mr. Carrion 's participation in the offense from the

perspective of each of said factors reflects the following:

**(i)**T **he degree to which the defendant understood the scope and structure of the criminal activity**.

–6–

Mr. Carrion has accepted responsibility and has explained that he wanted to relocate to Puerto Rico to work in construction and subsequently travel to New York to reside with his brother who is a truck driver. His brother sent him $1000 USD via wire transfer to Dominican Republic. With this money, he contacted a human smuggler who agreed to coordinate a trip to Puerto Rico via yawl vessel. Upon arriving at the beach, he noticed there were other passengers and the presence of bales. At that time, it was explained to him that narcotics were to be transported to Puerto Rico and that task was to help move the narcotics. Mr. Carrion indicated that after paying the $1,000 for the trip he did not want to lose the opportunity and decided to go ahead with the trip. 1

Mr. Carrion's knowledge as to the scope and structure of the criminal activity is practically none. He noticed the presence of narcotics once he arrived to the beach area from where they departed. He decided to continue with his plan to travel to Puerto Rico because he had already paid for the trip.

**(ii)    The degree to which the defendant participated in planning or organizing the criminal activity**.

Mr. Carrion did not participate in the planning or organizing the criminal activity. He learned about the drug venture once he arrived to the beach when he

---

1 Mr. Carrion is scheduled to be debriefed by the government tomorrow. He is currently housed in Guayama. Due to technical problems, prior VTCs had to be re-scheduled.

–7–

saw the bales. He did not own the vessel involved in the offense; he did not provide funds or any other asset in furtherance of the venture.

   **(iii)    The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority**.

   Mr. Carrion did not exercise decision-making authority or influenced the exercise of decision-making authority in the commission of the offense. By the time he arrived at the beach area and saw the bales of cocaine, all the planning had been performed and he was not present nor aware of said planning.

   **(iv)    The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts**.

   The nature and extend of Mr. Carrion's participation in the commission of the offense was limited, peripheral.  Once he was explained that narcotics were to be transported in the vessel and that his participation would be to help in the movement of the bales, he decided to go ahead with the trip because he had already paid for the transportation and did not want to lose his money. He had no other role nor had any discretion in performing any act. He was not the owner of the vessel where the narcotics were been carried, he had no discretion to whom the narcotics were to be delivered and further distribute; no discretion as to the final price of the narcotics. He was totally ignorant of the nature and extend of the smuggling venture that was taking place.

   **(v)    The degree to which the defendant stood to benefit from the criminal activity.**

7

–8–

Mr. Carrion not only was not paid, nor promised to be paid, any compensation to participate in the drug venture; he paid 1000 USD for what his intention was at that moment: for the transportation to come over to Puerto Rico. He did not stand to benefit from the criminal activity other than the benefit he was going to receive by being transported to Puerto Rico. He did not have a proprietary interest in the criminal activity and therefore should be considered for an adjustment under this guideline.

Applying said factors to Mr. Carrion's participation in the offense charged leads to the conclusion that he was a minor participant. Therefore, pursuant to USSG Section 2D1.1(a)(5)(ii), **his Base Offense Level of 34 should be reduced 3 levels to level 31** . Under Application Note 6 of **USSG §3B1.2 (b),** the court also shall apply the appropriate adjustment under this guideline, that is, the 2-level decrease under **USSG §3B1.2 (b**), for a **Total Offense Level of 29**. After deduction 3 levels for acceptance of responsibility, **a Total Offense Level of 26 is determined**. **A Total Offense Level of 26 combined with a Criminal History Category of I yield a guideline imprisonment range of 63 to 78 months. However, there is a statutory minimum of 120 months.** Should Mr. Carrion comply with the safety valve provisions, two additional levels should be deducted form his total offence level**, to Level 24, which yields a guideline imprisonment range of 51 to 63 months.** The instant Sentencing Memorandum is submitted in support of a sentence **of no more than   51 months**, assuming Mr. Carrion

–9–

complied with all the safety valve requirements.

Although under 18 U.S. Code Section 3553 the court must consider a series of factors that include deterrence to criminal conduct, promote respect for the law, and protection of them  public  from further crimes, the court also shall impose a sentence sufficient, but not greater than necessary  to comply with the goal of sentencing and shall impose a sentence of the kind and within the guideline range  unless the court finds that there exists  an aggravating or mitigating circumstances of a kind, or to a degree, not  adequately take into consideration by the Sentencing Commission that should result in a sentence different  from that described. 18 U.S. Code Section 3553. The defense submits that a sentence of no more than **51 months of imprisonment** is a **reasonable sentence** and not more than necessary to comply with the goals of sentencing, considering the nature and circumstances of Mr. Carrion's role and participation in the commission of the offense, and his personal history and characteristics.

As narrated in the PSR, Mr. Carrion  is a 30-year-old young man born and and lifetime resident of Miches,  Dominican Republic. His parents resided together until he was 5 years old, when his father emmigrated to Puerto Rico. At the age of 12, his mother established a relationship with a man that he knew as "Tutua",  who constantly mistreated him and assaulted his mother in front of all the children for a period of 2 years. From the age of 14 to 17, Mr. Carrion resided with his paternal grandparents who were in a better financial condition. Mr.

9

–10–

Carrion explained during the PSR interview the extreme poverty under which he grew up and that often his family would have one meal a day during the afternoons. *See PSR, page 9, paragraph 49-*50

Mr. Carrion is the father of three (3) children born out of his relationship with his present wife Esmeralda Isamor Guerrero, (from who he is still married but separated), ages 11, 9 and 5. Mr. Carrion also has another child from another relationship, age 3. Since 2022, Mr. Carrion has been in a cohabiting relationship with Mrs. Adaluz Vilorio-Peralta, but no children have been procreated from this relationship. *See PSR, page 10, paragraph 53.*

As narrated in the PSR, Mr. Carrion has a long history of gainful employment. In 2022 up until 6 months prior to the arrest, he worked as a supervisor for a cleaning crew at Club Med Hotel in Miches, Dominican Republic. From 2019 to 2022, he was unemployed due to an injury sustained in his leg while cutting a cacao tree with a machete. From 2016 to 2018, he worked at Bahia Principe Hotel in Higuey, Dominican Republic. From 2015 to 2016, he worked at Efrain Supermarket in Miches, Dominican Republic. From 2008 to 2014, Mr. Carrion worked as a construction worker. *See PSR, page 11, paragraph 61.*

–11–

Mr. Carrion denies any controlled substance use or abuse. However, prior to the arrest he had a severe dependence to alcohol. He explained that working in the hotel industry he is exposed to alcohol during his working hours. He reported drinking severe since the age of 18, consuming approximately two bottles of hard liquor per day. He has never received any treatment for alcohol or substance abuse. *See PSR, page 10, paragraph 59.*

During his interview with the Probation Officer, Mr. Carrion accepted responsibility for his participation in the offense and explained the circumstances that led to his limited involvement. He expressed his repentance. He is concerned of the fact that he now is incarcerated, and his family is suffering for his absence, specially his four children. He wishes to be released as soon as possible to reunite with his family and to support them financially . *PSR, page 7, paragraph 24.*

Mr. Carrion  is a first-time offender. He is a humble, respectful individual who has always resided in the same community. His involvement in the instant offense came as a surprise to his family. However, he has the unwavering support of his family, an important factor in his rehabilitation, especially from his consensual partner Adaluz Vilorio-Peralta.  *PSR, page 9, paragraph 52.*

Mr. Carrion is truly repentant of his conduct and assumes responsibility for his deeds.  He expressed remorse for the pain and suffering he has caused his

–12–

family. He feels enthusiastic about the future and looks forward to going back to his family and take care of them.

Taking in consideration Mr. Carrion's personal history and characteristics, a sentence **of no more than 51 months of imprisonment fully** accounts for all the offense conduct in this case, and is  sufficient but  not more than necessary to comply with the goals of sentencing, considering the nature and circumstances of the offense, Mr. Carrion's peripheral role in the commission of the offense,  and the fact that this is his first arrest and conviction.

Finally, Mr. Carrion respectfully requests from the court:

1. A recommendation that he allowed participate in the drug and alcohol rehabilitation program.
2. A recommendation to serve the sentence at Fort Dix, New Jersey.
3. A recommendation to participate in English classes to resume his work in the hotel industry.

**WHEREFORE** for the foregoing reasons Mr. Carrion respectfully requests this Honorable Court to take notice and consider all the sentencing factors and information herein made available and to make the above-mentioned recommendation.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28 th day of August, 2023.

−13−

_/S / Ramón M. González_
RAMÓN M. GONZÁLEZ
PR-USDC No. 202313
Counsel for Defendant
P. O. BOX 195493
SAN JUAN, PR  00919-5493
Tel. (787) 593-8281722-6930
E-mail: rmgonzalezesq@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send copy of this document to all interested parties/attorneys.

_/S / Ramon M. Gonzalez_
RAMÓN M. GONZÁLEZ

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIMINAL NO. 22-394 (FAB)** |
| **[6] OSMERLIN CARRION-CORDONES,** | |
| Defendant. | |

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM AND
RESPONSE TO THE DEFENDANT'S OBJECTION TO THE PSR**

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through the undersigned attorney and very respectfully submits the following Sentencing Memorandum:

**INTRODUCTION AND PSR**

A six-count Indictment was filed against the Defendant charging him with conspiracy to possess cocaine on board a vessel subject to U.S. jurisdiction; conspiracy to import cocaine into the United States; jettisoning property subject to forfeiture; failure to heave; and related charges.  (ECF No. 20). The Defendant entered into a straight plea of guilty as to all six counts without any agreement with the government. (ECF No. 139).

The US Probation Office's Amended Presentence Investigation Report (PSR) provides that the Defendant's Base Offense Level (BOL) is 34 based on a drug quantity of at least 50 but less than 150 kilograms of cocaine. (ECF No. 179, Amended PSR, at 9). The Amended PSR then reduces three levels for the Defendant's acceptance of responsibility under U.S.S.G.§ 3E1.1, for a Total Offense Level (TOL) of 31. (*Id.*). The Amended PSR also provides that the Defendant's Criminal History Category is I. (*Id.* at 10).

1

The United States has reviewed the Amended PSR and has no objections to the same. For the reasons outlined below, the United States contends that the Defendant's objection to the lack of a role reduction calculated in the Amended PSR should be rejected and that the Amended PSR correctly provided for no role reduction and a TOL 31 before safety-valve compliance. The United States also informs that the defendant has complied with all the requirements of the safety-valve provision found in 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. §5C1.2, and so two (2) more levels should be reduced pursuant to U.S.S.G. 2D1.1(b)(18). Thus, the Defendant's TOL is 29. Since he is Criminal History Category I, his guidelines range is 87-108 months of imprisonment.

After reviewing the PSR and analyzing the relevant 18 U.S.C. § 3553(a) factors, the United States submits the instant sentencing memorandum opposing the Defendant's objection and in favor of a request for a low-end guidelines sentence of 87 months of imprisonment.

## LEGAL STANDARD

To determine a defendant's sentence, this Court must follow the three-step sentencing Approach espoused by the First Circuit. *United States v. Dixon*, 449 F.3d 194, 204 (1st Cir. 2006); *United States v. Jiménez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (en banc); *United States v. Robinson*, 433 F.3d 31, 35 (1st Cir. 2005). First, this Court must calculate the advisory guideline range. E.g., *United States v. Pho*, 433 F.3d 53, 61 (1st Cir. 2006). Second, the Court must determine whether any traditional departures apply to the case at hand. E.g., *United States v. Saez*, 444 F.3d 15, 17 (1st Cir. 2006). Finally, the Court needs to determine whether any factors put forth in 18 U.S.C. § 3553(a) offer a persuasive reason to impose a sentence outside of the proposed guideline range. *E.g.*, *Robinson*, 433 F.3d at 35.

## DISCUSSION

I.   **United States' Response to the Defendant's Objection to the Presentence Investigation Report.**

The Defendant cannot show that he is entitled to a mitigating role adjustment in this case.

"A defendant who seeks a mitigating role adjustment bears the burden of proving, by a preponderance of the evidence, that [s]he is entitled to the downward adjustment." *United States v. Arias-Mercedes*, 901 F.3d 1, 5 (1st Cir. 2018) (quoting *United States v. Perez*, 819 F.3d 541, 545 (1st Cir. 2016)). "Under the revised commentary—as before—the defendant bears the burden of showing that he was *substantially less culpable* than the average participant in the criminal endeavor." *Id.* at 6 (emphasis added).[1] "A defendant cannot carry this burden merely by showing 'that he was a minimal or minor participant in the conspiracy overall,'" but rather, "must 'demonstrate that he was a minimal or minor participant in the conduct that formed the basis of his sentence.'" *Id.* (quoting *United States v. Coviello*, 225 F.3d 54, 67 (1st Cir. 2000) and *United States v. Vargas*, 560 F.3d5 45, 50 (1st Cir. 2009)). When "a defendant is hired to transport a single

---

[1] There used to be a second prong, by which the sentencing court "proceeded to determine whether the defendant was less culpable than 'most of those who have perpetrated similar crimes.'" However, Amendment 794 to the sentencing guidelines, effective November 1, 2015, displaced the second prong of the test, but left undisturbed the first prong, as the First Circuit examined in *Arias-Mercedes*:

> The amendment simply eliminated the need to compare a defendant's conduct with the conduct of hypothetical participants in similar offenses (the now-obsolete second prong of the original test). It does not require courts, when weighing mitigating role adjustments, to appraise a defendant's role in the broader conspiracy as opposed to his role in the specific criminal activity for which he is being held accountable. *See* USSG App. C, Amend. 794 (instructing courts to determine "defendant's relative culpability ... only by reference to his or her co-participants in the case at hand").

> The upshot is that with respect to identifying the universe of relevant participants, earlier precedent developed under the first prong of our minor participant jurisprudence remains velivolant, notwithstanding the promulgation of Amendment 794.

901 F.3d at 6.

shipment of drugs," the conduct the sentencing court considers "ordinarily will be limited to that shipment. *Arias-Mercedes*, 901 F.3d at 6 (quoting *Vargas*, 560 F.3d at 49-50).

In making this determination, a court should analyze the totality of the circumstances and consider the following non-exhaustive factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n.3(C). However, a district court need not march through the above factors. *See United States v. Mendoza-Maisonet*, 962 F.3d 1, 24 (1st Cir. 2020) (affirming the district court's denial of mitigating-role reduction despite the district court's lack of explanation); *United States v. Campuzano-Benitez*, 910 F.3d 982, 989–90 (7th Cir. 2018) ("The district court did not state explicit findings on each of these enumerated factors, but that omission alone was not a reversible error."); *cf. United States v. Dixon,* 449 F.3d 194, 205 (1st Cir. 2006) ("While a sentencing court must consider all of the applicable section 3553(a) factors, it is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision."). Moreover, as the guideline states, these are only a "non-exhaustive" list of the factors a sentencing court can consider in looking at the "totality of the circumstances" and making the above "fact-based determination." USSG § 3B1.2 cmt. n.3(C).

Here, the Defendant played a significant role in the drug-trafficking endeavor to import hundreds of kilograms of cocaine from the Dominican Republic to Puerto Rico. The Defendant was one of the crewmembers on board a boat with approximately 95 kilograms of cocaine. This is

an enormous amount of drugs that the Defendant was trying to smuggle into the United States and was trusted with (picture of drugs seized below).



The 95 kilograms of cocaine that the Defendant was entrusted with have a value here in Puerto Rico of about $1.33 to 1.9 million dollars.[2] Thus, the Defendant was entrusted with a valuable load from a transnational drug-trafficking organization. As part of his guilty plea, he admitted to possessing the drugs with intent to distribute them knowingly and intentionally. He also eventually admitted he knew about the bales containing the drugs before boarding the boat and helped with the movement of the bales. (ECF No. 188 at 6-7). He embarked on a hazardous, multi-day journey, with a small crew to transport wholesale quantities of cocaine from the

---

[2] Calculation based on $14,000-$20,500 price for a kilogram of cocaine in Puerto Rico. Obtained from http://www.narcoticnews.com/drug-prices/cocaine/ (retrieved September 12, 2023).

Dominican Republic to Puerto Rico. "When a person undertakes to provide material assistance in transporting a large quantity of drugs as a member of a tiny crew in a hazardous voyage at sea, it ordinarily will not be clear error for the sentencing court to refuse him a mitigating role adjustment." *United States v. Castillo*, 995 F.3d 14, 17–18 (1st Cir. 2021) (affirming the district court's denial of minor role adjustment for defendant on board vessel with 900 KGs cocaine); *United States v. Arias-Mercedes*, 901 F.3d 1, 8–9 (1st Cir. 2018) (affirming the district court's denial of minor role adjustment for defendant on board vessel with 72.5 KGs cocaine); *United States v. Perez*, 819 F.3d 541, 546 (1st Cir. 2016) (affirming the district court's denial of minor role adjustment for defendant on board vessel with 1,056 KGs cocaine). Given that he was part of a small crew on board the boat, he must have performed significant tasks in furtherance of the venture.

The defendant played a significant role in an international drug-trafficking organization and endeavor. Such a drug-trafficking endeavor—to smuggle wholesale quantities of drugs from Latin America, in this case the Dominican Republic, to the United States, through maritime routes—could not function without individuals such as the Defendant, who have the willingness to get on a small vessel with the drugs on a long and perilous journey through the Caribbean.

The significant quantity and value of the 95 kilograms of cocaine that the Defendant was entrusted with—having a value of about $1.33 to 1.9 million dollars in Puerto Rico—show that he has significant trust of a drug-trafficking organization that works to import wholesale quantities of cocaine. Such an international drug-trafficking organization requires individuals like the Defendant, who has the trust of the transnational drug-trafficking organization and the willingness to be an asset on such a dangerous voyage, to successfully move wholesale quantities of drugs across the Atlantic into the United States.

The fact that there were other participants that might be considered more culpable than the Defendant is not enough to warrant the Defendant receiving a mitigating-role reduction. "It is not enough that a defendant was less culpable than his or her co-participants, or even that he or she was among the least culpable of the group, because a minimal or minor participant adjustment under § 3B1.2 is available only if the defendant was 'substantially' less culpable than his or her co-participants." *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) (internal citations omitted).

In sum, the Defendant's role was essential to this drug-trafficking venture and the totality of the circumstances do not show that he is entitled to a mitigating role adjustment in this case. The First Circuit has repeatedly affirmed denials of mitigating-role adjustments to drug couriers. *See United States v. De la Cruz-Gutierrez*, 881 F.3d 221, 227 (1st Cir. 2018) (collecting cases). In this case, the Defendant should not receive a role reduction.

## II.    United States' Sentencing Request and Argument

Although the Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220, 234, 125 S. Ct. 738, 750,160 L. Ed. 2d 621 (2005), the district court must take them into account. *United States v. Haack*, 403 F.3d 997, 1002-1003 (2th Cir. 2005)(directing the court tofirst consider the potential Guideline range, then discern whether traditional departure is appropriate under the Guidelines, then consider all the other factors set forth in 18 U.S.C. § 3553(a).

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).Title 18 U.S.C. § 3583(e) authorizes the imposition of a sentence upon consideration of certain factors in § 3553(a). *See* 18 U.S.C. §3583(e)(3); *United States v. Vargas-Dávila*, 649 F.3d 129, 131 (1st Cir. 2011); *United States v. Santiago-Rivera*, 594 F.3d 82, 84 (1st Cir. 2010).Under 18 U.S.C. § 3553(a), sentencing courts must "impose a sentence sufficient, but not greater than necessary"

to comply with the purposes of sentencing. *See United States v. García*-Mojica, 955 F.3d 187, 191-92 (1st Cir. 2020). The relevant factors a sentencing court should consider in determining an appropriate sentence are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the sentencing guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1)-(7).  *See also*, *United States v. Vixamar*, 679 F.3d 22, 28 n. 6 (1st Cir. 2012); *Santiago-Rivera*, 594 F.3d at 85.

First, in the context of the §3553 factors, the First Circuit has stated that these § 3553 factors "invite the district court to consider, broadly, the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to protect the public from further crimes of the defendant." *United States v. Marsh*, 561 F.3d 81, 87 (1st Cir. 2009) (quoting *United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008)). In conducting this analysis, the district court is tasked with "sift[ing] the available information and balanc[ing] the pertinent factors (both mitigating and aggravating)." *United States v. Madera-Ortiz*, 637 F.3d 26, 32 (1st Cir. 2011).

In this case, the defendant committed a very serious crime. The Defendant was a crewmember on a small boat in a drug venture to import about 95 kilograms of cocaine into Puerto Rico. This is an enormous amount of cocaine, a lethal drug that continues to decimate communities throughout Puerto Rico, the continental United States, and the world. Based on a conservative estimate of a

common dose of cocaine, 95 kilograms of cocaine contains approximately 1,583,333 individual doses of cocaine. *See* https://www.bdp.org.uk/get-information/drugs-information/cocaine/ (retrieved September 12, 2023) (60 mg used as individual dose). The negative consequences of cocaine are bountiful, including permanent physical and emotional damage, dependence and addiction, the straining of family structures, and death. Cocaine is responsible for tens of thousands of deaths each year, killing 24,486 people in the United States in 2021. *See* https://nida.nih.gov/drug-topics/trends-statistics/overdose-death-rates (retrieved September 12, 2023).

Moreover, the quantity and value of the cocaine the defendant was responsible for handling is indicative of the defendant's level of trust and stature in a transnational drug-trafficking organization. The 95 kilograms of cocaine that the Defendant was entrusted with have a value here in Puerto Rico of about $1.33 to 1.9 million dollars.[3] The fact that the defendant was entrusted with millions of dollars-worth of cocaine shows that he is a trusted member of a drug-trafficking organization that works to import wholesale quantities of cocaine.

As part of its §3553 factors evaluation, the Court can also take into consideration Puerto Rico's crime rate, specifically the prevalence of drug-trafficking crimes, and its impact in the community at sentencing. "In weighing the impact associated with a particular crime, a sentencing court may consider the pervasiveness of that type of crime in the relevant community." *United States v. Pantojas-Cruz*, 800 F.3d 54, 59 (1st Cir. 2015) (internal citations omitted). "Community-based considerations are inextricably intertwined with deterrence, which aims to 'prevent[ ] criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant." *Id*. (internal citations omitted). *See also United States v. Flores-Machicote*, 706 F.3d 16 (1st Cir. 2013) ("the incidence of particular crimes in the relevant community appropriately

---

[3] Calculation based on $14,000-$20,500 price for a kilogram of cocaine in Puerto Rico. Obtained from http://www.narcoticnews.com/drug-prices/cocaine/ (retrieved September 12, 2023).

informs and contextualizes the relevant need for deterrence," a factor that must be weighed under § 3553(a)(2)).

Drug trafficking activities are destroying individuals, families, and communities in Puerto Rico. A significant amount of the crimes committed in our District are related to drug trafficking activities. Drug-trafficking is an inherently dangerous crime and drug trafficking activities in general are not only associated with violence and organized crime, but are also linked to other criminal activities, like money laundering, firearms, human trafficking, and corruption.

The Defendants' actions in this case also created a perilous situation for law enforcement, as the defendants failed to obey law enforcement's commands to heave. The Defendants also attempted to destroy evidence by jettisoning the packages of cocaine.

Accordingly, a significant sentence of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct and protect the public from further crimes of the Defendant, as mandated by the sentencing factors under 18 U.S.C. § 3553. Nevertheless, after reading the PSR, the United States also recognizes that this defendant presents various mitigating circumstances. Thus, in balancing all the sentencing factors, the United States believes that a low-end guidelines sentence is appropriate. The United States submits that a low-end guidelines sentence of 87 months of imprisonment is sufficient, but not greater than necessary, and appropriately balances all the sentencing factors under 18 U.S.C. § 3553.

## CONCLUSION

The Defendant's objection to the Amended PSR should be rejected. The Amended PSR correctly applied a BOL of 34 and correctly denied a minor role reduction. After the Defendant's acceptance of responsibility and a two (2) level reduction pursuant to U.S.S.G. 2D1.1(b)(18), the

Defendant's TOL is 29. Since he is Criminal History Category I, his guidelines range is 87-108 months of imprisonment.

The United States considered the above § 3553 factors and submits that a low-end guidelines sentence of 87 months' imprisonment, is sufficient, but not greater than necessary, to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to such serious, detrimental, and dangerous criminal conduct, and protect the public from further crimes of the Defendant.

RESPECTFULLY SUBMITTED.  In San Juan, Puerto Rico, this September 12, 2023.

W. STEPHEN MULDROW
United States Attorney

/s/ *Antonio L. Perez-Alonso*
Antonio L. Perez-Alonso – G02902
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 12, 2023, I electronically filed theforegoing with the Clerk of the Court using the CM/ECF system, which will send notification ofsuch filing to all parties in this case.

/s/ *Antonio L. Perez-Alonso*
Antonio L. Perez-Alonso – G02902
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
vs.                              )Case No: 22-394-FAB
                                 )
OSMERLIN CARRION CORDONES,        )
                                 )
                Defendant.       )


_____


TRANSCRIPT OF SENTENCING HEARING
HELD BEFORE
THE HONORABLE JUDGE FRANCISCO A. BESOSA
Wednesday, September 13, 2023
_____

A P P E A R A N C E S


For the Plaintiff:

    ANTONIO PEREZ, AUSA


For the Defendant:

    RAMON GONZALEZ, ESQ.

```
 1                    (PROCEEDINGS COMMENCED AT 9:51 A.M.)

 2

 3              DEPUTY CLERK:  Criminal Case 22-394, United States

 4      of America versus Osmerlin Carrion-Cordones for a sentencing

 5      hearing.  On behalf of the Government is AUSA Antonio Perez.

 6      On behalf of the defendant is Counsel Ramon

 7      Gonzalez-Santiago.  The defendant is present in the

 8      courtroom under custody and assisted by a certified court

 9      interpreter.

10              MR. PEREZ:  Good morning, Your Honor.  AUSA

11      Antonio Perez-Alonso on behalf of the United States.  We are

12      ready to proceed.

13              MR. GONZALEZ:  Good morning, Your Honor.  Ramon

14      Gonzalez for Osmerlin Carrion-Cordones.  We are ready to

15      proceed.

16              THE COURT:  Mr. Gonzalez, I have read your

17      sentencing memorandum.  Is there anything you would like to

18      say on behalf of Mr. Carrion or highlight from your

19      sentencing memorandum?

20              MR. GONZALEZ:  Well, Your Honor, basically --

21              THE COURT:  Use the microphone, please.

22              MR. GONZALEZ:  Yes.  Judge, in our sentencing

23      memo, we basically argue for a mitigating role for

24      Mr. Carrion.  As the First Circuit has indicated, that

25      determination is a fact-intensive matter.  That's why we got
```

into the facts of the case to conclude that Mr. Carrion's
participation is a minor, which would bring the guideline
range calculation to 51 to 63 months.  We request the
51 months, Your Honor, the lower end.

In addition to that, Your Honor, I think that even
if the Court is not willing to adopt the request for the
minor role enhancement, Mr. Carrion's 3553 factors,
specifically, Your Honor, the fact that he is the father of
three children who have always depended on him for the
support, he has a long history of employment, that would be,
among other factors included in the PSR, Judge, which I
think should be taken into consideration to -- even though
not to conclude that it is a minor role, but also his role
in the offense is a peripheral role.  And in that sense,
Judge, I think that a further reduction of the sentencing
should be contemplated considering that.  So, basically,
Judge, our request is that he be sentenced to 51 months.

THE COURT:  Mr. Perez.  I have read your
sentencing memorandum also.

MR. PEREZ:  Yes, Your Honor.  Briefly, we oppose
the minor role reduction.  We believe that this defendant
helped carry a huge quantity of kilograms of cocaine on a
multi-day dangerous journey from the Dominican Republic to
Puerto Rico.  The 95 kilograms of cocaine that were brought
onboard this boat is a wholesale amount of kilograms of

cocaine that's worth 1.33 to $1.9 million, indicating that the defendant is a person of trust, that would be entrusted with such a valuable drug load.  In addition, the defendant himself admitted that he helped to move the bales and load the boat on its way to Puerto Rico.  So we would definitely oppose any mitigating role adjustment.

As for the appropriate guideline range, we contend that he is at a total offense level of 29 based on the base offense level of 34, a three-level reduction for acceptance of responsibility.  He did comply with 3553(f), which would give him a two-level reduction, to a total offense level of 29, which would produce a guideline range of 87 to 108 months.  Recognizing the mitigating factors that this defendant presents, we recommend a low end guideline sentence of 87 months.  But anything below that, Your Honor, would not adequately reflect the seriousness of the offense and provide for adequate deterrence for this type of offense.

THE COURT:  Mr. Carrion, is there anything you would like to say?

THE DEFENDANT:  Good morning, Judge, and good morning to all those present in this courtroom.  I know that I made a mistake, and I accept it, and I know that I have to repay society for what I did.  And once I pay society, I would like to return to my country, to ask my children for

1    forgiveness for what I did.  I want to apologize to my kids

2    for the harm I have caused them physically and emotionally,

3    and to return to work hard on their behalf, trusting in God

4    and then in you.

5              THE COURT:  On June 1, 2023, Defendant, Osmerlin

6    Carrion-Cordones, pled guilty to the six-count indictment in

7    Criminal Case Number 22-394, which charges him with

8    violating Title 18, United States Code Section 2, aiding and

9    abetting; Title 46, United States Code Section 70503(a)(1),

10   70503(a)(2), and 70506(d); and also Title 21, United States

11   Code Sections 952(a), 960, and 963; and also violating

12   Title 18, United States Code Section 2237(a)(1), for

13   conspiring to possess with intent to distribute a controlled

14   substance aboard a vessel subject to the jurisdiction of the

15   United States; also for possession with intent to distribute

16   cocaine aboard a vessel subject to the jurisdiction of the

17   United States; for conspiring to import cocaine into the

18   United States; for attempting to import cocaine into the

19   United States; for jettisoning property subject to

20   forfeiture while aboard a vessel subject to the jurisdiction

21   of the United States, that property subject to forfeiture

22   being drugs; and aiding and abetting in failure to heave the

23   vessel when ordered to do so.  These charges are Class A, C,

24   and D felonies.

25             The November 1, 2021, edition of the Sentencing

Guidelines Manual has been used to calculate the guideline

adjustments pursuant to the provisions of Guideline

Section 1B1.11(a). Counts One through Six have been grouped

together pursuant to Guideline Section 3D1.2(b). Based on

the provisions of Guideline Section 2D1.1(a)(5) and

2D1.1(c)(3), a base offense level of 34 has been determined

because Mr. Carrion has been convicted of conspiring to

possess with intent to distribute and possessing with intent

to distribute, and conspiring to import cocaine into the

United States, and attempting to import cocaine into the

United States, and jettisoning drugs which are from the

vessel subject to the jurisdiction of the United States,

which is property subject to forfeiture, and aiding and

abetting in failure to heave the vessel when ordered to do

so.

Because Mr. Carrion complied with the provisions

of Title 18, United States Code Section 3553(f) and

Sentencing Guideline Section 5C2.1(a), the base offense

level is decreased by two levels. Because Mr. Carrion

timely accepted responsibility for his offenses, however,

his offense level is reduced by three more levels pursuant

to Guideline Section 3E1.1(a) and 3E1.1(b). Mr. Carrion

admitted that he moved the bales of cocaine and assisted in

loading the boat.

Based on a total offense level of 29 and a

Criminal History Category of I, the guideline imprisonment
range for Mr. Carrion's offense is from 87 to 108 months.
There is a fine range of 30,000 to $10 million, plus a
supervised release term of from two to five years for
Counts One through Four, and one year to three years for
Counts Five and Six. The probation officer has correctly
adjusted the guideline computations, and the presentence
investigation report satisfactorily reflects the components
of Mr. Carrion's offenses by considering their nature and
circumstances.

The Court has also considered the other sentencing
factors set forth in Title 18, United States Code
Section 3553(a), the presentence investigation report, the
plea agreement, the sentencing memoranda filed on behalf of
Mr. Carrion and by the Government, arguments by Counsel and
the Government, and Mr. Carrion's allocution.

Mr. Carrion is 30 years old, a Dominican national,
and has the equivalent of a 9th grade education.
Reportedly, he was employed in the hotel industry prior to
his arrest for his offenses. He has a history of using
alcohol in excess. Today Mr. Carrion has requested a
sentence of 51 months, arguing that he was a minor
participant. The Court dismisses that argument. The
Government has requested a sentence of 87 months. The Court
finds that the sentence recommended by the Government

reflects the seriousness of Mr. Carrion's offenses, promotes respect for the law, protects the public from additional crimes by Mr. Carrion, and addresses the issues of deterrence and punishment.

Accordingly, it's the judgment of the Court that Osmerlin Carrion-Cordones is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 87 months as to each count, to be served concurrently with each other.

Upon release from confinement, Mr. Carrion shall be placed on supervised release for a term of five years as to Counts One through Four, and three years as to Counts Five and Six, to be served concurrently with each other under the following terms and conditions:

He shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

If deported or granted voluntary departure, Mr. Carrion shall remain outside the United States and all places subject to its jurisdiction unless prior written permission to re-enter the United States is obtained from the pertinent legal authorities, and he notifies the probation officer of the permission in writing. If he re-enters the United States, he must report to the nearest probation office within 72 hours of his return.

1      He shall cooperate in the collection of a DNA

2  sample as directed by the probation officer pursuant to the

3  revised DNA collection requirements and Title 18, United

4  States Code Section 3563(a)(9).

5      Pursuant to the provisions of Title 18, United

6  States Code Section 3563(a)(5), the Court waives the

7  requirement of mandatory drug testing in the absence of any

8  evidence of current drug use and the low risk of future use

9  of controlled substances.

10     Having considered Mr. Carrion's financial

11  condition, a fine is not imposed.  A special monetary

12  assessment in the amount of $100 per count is imposed,

13  however, as required by law, for a total of $600.

14     Forfeiture is ordered as indicated in the

15  indictment.

16     Mr. Carrion, you have a right to appeal your

17  conviction and your sentence.  Any notice of appeal must be

18  filed in this court within 14 days from when the judgment is

19  entered.  You have a right to apply for leave to appeal as

20  an indigent if you are unable to pay the cost of an appeal.

21  Because you are assisted by court-appointed counsel, he will

22  continue to represent you through any appeal unless a

23  substitute counsel is later appointed.

24     Mr. Gonzalez, any particular institution you would

25  like me to recommend?

```
 1              MR. GONZALEZ:  Yes, Your Honor.  That would be

 2     Fort Dix, New Jersey.  Also, Your Honor, a recommendation

 3     that he be allowed to participate in the drug and alcohol

 4     rehabilitation program.

 5              THE COURT:  I don't think he will qualify.  Well,

 6     okay, because he has used alcohol to excess.  So, therefore,

 7     I will recommend that.

 8              MR. GONZALEZ:  And finally, to participate in

 9     English classes.

10              THE COURT:  I also will recommend that

11     Mr. Carrion take courses leading to a high school diploma,

12     that he participate in any vocational training available at

13     the institution, that he take courses in English as a second

14     language, and that he participate in the 500-hour drug and

15     alcohol treatment program that is offered by the Bureau of

16     Prisons.

17              Anything else?

18              MR. GONZALEZ:  Finally, Your Honor, just to

19     protect Mr. Carrion's appellate right, we object to the

20     sentence the Court just imposed procedurally and

21     substantively.  It is an excessive sentence, unreasonable,

22     and I just want to make a record as to that, Your Honor.

23              THE COURT:  Your objection is noted.  Anything

24     else?

25              MR. GONZALEZ:  Permission to withdraw.
```

1           THE COURT:  Any counts to dismiss?  Oh, this is a

2      straight plea.

3           MR. PEREZ:  Straight plea, Your Honor, so no

4      counts to dismiss.  Nothing further on behalf of the

5      Government.

6           THE COURT:  Thank you.  You are excused.

7           (PROCEEDINGS ADJOURNED AT 10:08 A.M.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1    UNITED STATES DISTRICT COURT )
                                  )  ss.
2    OF PUERTO RICO               )

3

4

5                      REPORTER'S CERTIFICATE

6

7

8            I, LISA O'BRIEN, do hereby certify that the above

9    and foregoing, consisting of the preceding 11 pages,

10   constitutes a true and accurate transcript of my

11   stenographic notes and is a true and complete transcript of

12   the proceedings to the best of my ability.

13           Dated this 29th day of December, 2023.

14

15                          S/Lisa O'Brien
                          Lisa O'Brien
16                        USDC Court Reporter
                          708-284-0021
17

18

19

20

21

22

23

24

25
```