# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## APPEAL NOS. 23-1798 & 23-1805

**UNITED STATES,**
Appellee,

v.

**OSMERLIN CARRION-CORDONES, a/k/a: Osmerge Cordones,
JASON CHAVEZ,**
Defendants – Appellants.

---

## UNITED STATES' ASSENTED TO MOTION
## REQUESTING REMAND FOR RESENTENCING

---

**TO THE HONORABLE COURT:**

The United States moves for this Court to remand Defendants-Appellants Osmerlin Carrión-Cordones's and Jason Chavez's cases for resentencing.

1. Appellants Carrión and Chavez timely appealed their sentences, alleging, in part, that the district court erred when it did not grant their request for a two-point minor role adjustment.[1]

---

[1] Citations will be as follows: AAs (Appellants' Appendixes); DE (Docket Entry or Entries in the District of Puerto Rico Criminal Case No. 22-cr-394); SAs (Appellants' Sealed Appendixes).

2. In August 2022, while patrolling an area north of Isabela, Puerto Rico, the Maritime Patrol Aircraft spotted a small yola type boat with one outboard engine. (SAs 7). That boat had eight individuals on board, including codefendants Chavez and Carrión, and it carried 95.2 kilograms of cocaine. (SAs 7). Both Chavez and Carrión subsequently explained that they had paid to be smuggled into the United States. (Chavez SA 7, 8; Carrión SA 8). Both stated they realized the trip involved a drug-trafficking venture when they got to the beach to board the boat and admitted their knowing participation in the offense—moving the bales or jettisoning the bales—to get a ride to Puerto Rico. (Chavez AA 55-56, 58; Carrión AA 53).

3. Thereafter, Chavez and Carrión pleaded guilty pursuant to a straight plea admitting to: (1) conspiring to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the United States' jurisdiction under 46 U.S.C. §§ 70503(a)(1), 70506(b), and 21 U.S.C. § 960(b)(1)(B); (2) possessing with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the United States' jurisdiction under 46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B), and 18 U.S.C. § 2; (3) conspiring to import into the

United States five kilograms or more of cocaine under 21 U.S.C. §§ 952(a), 960, and 963; (4) attempting to import into the United States five kilograms or more of cocaine under 21 U.S.C. §§ 952(a), 960, and 18 U.S.C. § 2; (5) jettisoning cocaine aboard a vessel subject to the jurisdiction of the United States under 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2; and (6) failing to heave the vessel under 18 U.S.C. § 2237(a)(1) and 18 U.S.C. § 2. (SAs 6; AAs 14-19).

4. After their guilty pleas, the probation officer submitted Chavez's and Carrión's Presentence Reports that did not include a minor role adjustment. (SAs 1-15). Both Chavez and Carrión objected to the PSR's lack of two-point minor role adjustment under U.S.S.G § 3B1.2(b). (Carrión AA 47-59, 72-73; Chavez AA 47-53, 56-57). They argued they were eligible because they did not profit economically from the trip, did not plan or organize the trip, did not have any decision-making authority, had very little knowledge of the scope and structure of the criminal activity, and their participation in the offense was limited. (Carrión AA 47-59, 72-73; Chavez AA 47-53, 56-57). They both emphasized that their only benefit in the commission of the offense was to be brought to the United States to work in exchange for their

3

payment and for their assistance during the trip. (Carrión 52-53; Chavez AA 56).

5. The government objected to Carrión's and Chavez's minor role reduction requests. (Carrión AA 60-70, 73-74; DE 218 1-12; Chavez AA 58). It pointed out, in part, that Carrión and Chavez played an essential role in the drug-trafficking endeavor where they helped with the drugs during the trip. (Carrión AA 64, 74; DE 218 at 6-7; Chavez AA 58). Still, the government agreed that both were entitled to a two-level reduction pursuant to 18 U.S.C. § 3553(f).

6. The district court agreed with the government and denied both Appellants' requests for a minor role adjustment pointing to their assistance during the drug-trafficking venture. (Carrión AA 76-77; Chavez AA 62-63).

7. Upon review of the record, the United States agrees a remand for resentencing with a two-level minor role reduction is appropriate here. Namely, based upon further review and analysis of the facts on record of this case, the government understands that having credited Appellants' explanation of their participation in the offense, it should not have opposed the two-level reduction and that the district court

here erred in following suit. *See United States v. Walker*, 89 F.4th 173, 185 (1st Cir. 2023) (reviewing preserved role reduction challenges for clear error).

8. Thus, the government submits that, on this basis, a remand for resentencing with a two-level minor role reduction is the proper course in this case.

9. The government contacted counsels for Carrión and Chavez, and both counsels agreed with this remand request.

10. This motion is being filed in lieu of the government's brief.

**WHEREFORE**, it is respectfully requested that this Honorable Court of Appeals remand the case to the district court for resentencing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of March 2025.

W. Stephen Muldrow
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

/s/Maarja T. Luhtaru
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel (787) 766-5656

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on March 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification to the appellants.

/s/ Maarja T. Luhtaru
Assistant United States Attorney
